### 9476. YOUNG *v.* THE STATE.

BROYLES, P. J. 1. Under the facts of the case the court did not err in admitting in evidence the alleged confession.

2. The instruction complained of, that "As a general rule, where the husband and wife live together, whatever is found at the place where they live is presumed to be that of the husband, but this is only true as a general rule," does not aptly or correctly express the law upon the subject in question. In this State the husband is recognized by law as the head of his family, and, where he and his wife reside together, the legal *presumption* is always, and not generally, that the house and all the household effects belong to the husband as the head of the family. *Broome* v. *Davis,* 87 *Ga.* 584 (13 S. E. 749); *Smith* v. *Berman,* 8 *Ga. App.* 262 (68 S. E. 1014). This presumption, however, like all presumptions, may be rebutted. *Smith* v. *Berman,* supra. The error in the charge, however, does not require a new trial in this case, since there was evidence that the defendant, who was charged with manufacturing intoxicating liquors, made a direct confession that she had been making the same; and if this confession was true (and the jury found that it was), it was immaterial whether the house and the household effects, including the liquor itself, belonged to her or to her husband.

3. The evidence authorized the verdict and the court did not err in refusing to grant a new trial.
*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*
DECIDED APRIL 2, 1918.

Indictment for manufacturing intoxicating liquor; from Camden superior court—Judge Highsmith. December 8, 1917.

*James T. Vocelle,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.