### 10094. BUSH v. THE STATE.

1. While in every criminal case, where it is sought to show the guilt of the defendant by circumstantial evidence alone, the jury should be instructed and cautioned that he should not be convicted on circumstantial evidence, unless the proved facts exclude every possible reasonable hypothesis save the guilt of the defendant, still it is immaterial what language is employed to convey this instruction, if all possible hypotheses arising from the circumstantial evidence which are favorable to the defendant be presented in concrete statement to the jury, and the jury are told that if they believe any one of these hypotheses the defendant should be acquitted. This rule is substantially complied with where, as in the present case, only two inferences can be drawn from the evidence,—the one of innocence, and the other of guilt,—and the hypothesis consistent with innocence is fully and fairly stated to the jury, and the jury are instructed that if they are satisfied that the hypothesis consistent with innocence is true, or if they have a reasonable doubt as to its truth, the defendant should be acquitted. *Mangum* v. *State,* 5 *Ga. App.* 445 (2) (63 S. E. 543); *Barrow* v. *State,* 80 *Ga.* 191 (3) (5 S. E. 64); *Richards* v. *State,* 102 *Ga.* 569 (27 S. E. 726); *Jones* v. *State,* 105 *Ga.* 649 (31 S. E. 574).

2. While some of the excerpts from the charge which are complained of are subject to criticism, none of them, when considered in the light of the entire charge and of the facts of the case, requires a new trial.
DECIDED NOVEMBER 23, 1918.

Accusation of possession of intoxicating liquor; from city court of Macon—Judge Guerry. July 29, 1918.

*W. A. McClellan, John R. Cooper, E. W. Butler* for plaintiff in error.

*Will Gunn, solicitor,* contra.

BROYLES, P. J. The defendant was charged with having, con- ..

trolling, and possessing alcoholic liquors. The undisputed evidence showed that a large quantity (about three hundred pints) of whiskey was found in a locked closet in the defendant's private home. The sole defense was that this whisky was in the closet of a room which his wife had rented to a "Mr. and Mrs. Hattaway of Atlanta," and that he (the defendant) knew nothing of its presence in his home, and that it must have been put and kept there by Hattaway. The judge in his charge gave the defendant the full benefit of this defense, by fully instructing the jury upon the law as to the burden of proof, the presumption of innocence, reasonable doubt, and the defendant's statement, and by concretely charging them, in substance, that if they found from the evidence and all the facts and circumstances in the case that Hattaway had the possession of the whisky found in the defendant's home, and had put it there and kept it there without the knowledge, consent, or acquiescence of the defendant, the defendant should be acquitted. It follows from these facts, and the ruling stated in the first headnote, that the court did not err, in the absence of a timely written request, in failing to give in charge to the jury section 1010 of the Penal Code, as to circumstantial evidence.

The conviction of the defendant was amply authorized by the evidence; no reversible error of law appears; and the court did not err in refusing the grant of a new trial.

*Judgment affirmed. Bloodworth, J., concurs. Stephens, J., not presiding.*