## 10120.   REYNOLDS v. THE STATE.

While in every criminal case where the guilt of the accused depends wholly upon circumstantial evidence, it is the duty of the court, even in the absence of a written request, to charge the law of circumstantial evidence, *it is immaterial what language is employed to convey this instruction,* if every possible hypothesis arising from the circumstantial evidence, favorable to the defendant, be presented in concrete statement to the jury, and if they are instructed that if they believe any one of these hypotheses the defendant should be acquitted. *Mangum* v. *State,* 5 *Ga. App.* 445 (2) (63 S. E. 543); *Barrow* v. *State,* 80 *Ga.* 191 (3) (S. E. 64); *Richards* v. *State,* 102 *Ga.* 569 (27 S. E. 726); *Jones* v. *State,* 105 *Ga.* 649 (31 S. E. 574); *Bush* v. *State,* 23 *Ga. App.* 126 (97 S. E. 554).

DECIDED FEBRUARY 1, 1919.

Indictment for misdemeanor; from Floyd superior court—Judge Wright. September 24, 1918.

The only ground of the motion for a new trial other than the grounds which relate to the verdict was that the court erred in failing to charge the jury that "to warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." (Penal Code, § 1010.) The charge of the court was as follows: "The defendant in this case is charged with the offense of having in her possession, custody, and control intoxicating liquors. I charge you, as a matter of law, that if, on the date alleged in this bill of indictment, the defendant had in her custody, possession, or control intoxicating liquors, you would be authorized to find her guilty. I charge you, that, in order to convict the defendant of this offense, it is necessary for the State to show to your satisfaction that the defendant had a guilty knowledge of the whisky in question being on her premises, if you believe any whisky was found on her premises. If the whisky was found on defendant's premises and she had no knowledge of the whisky being there, then you will acquit the defendant." The court then charged on the weight that the jury could give to the statement of the accused, and concluded as follows: "If you believe the defendant is guilty beyond a reasonable doubt, you will convict the defendant; otherwise acquit her."

*W. B. Mebane,* for plaintiff in error.

*C. H. Porter, solicitor-general,* contra.

BROYLES, P. J.   The defendant was charged with having pos-

24

session and control of intoxicating liquors, and upon the trial the undisputed evidence showed that several half-gallon jars containing whisky were found on her enclosed premises,—two of the jars being within five or six feet of a window of her house. The sole question left for the determination of the jury was whether the defendant knew of the presence of the whisky on her premises. She introduced no evidence, and in her statement denied having any knowledge that the whisky was on her premises. This evidence, in our opinion, raised more than a mere suspicion of the defendant's guilt, and was sufficient to authorize the jury to find that it excluded every reasonable hypothesis save that of her guilt.

Under the particular facts of this case, we do not think the court erred in failing to charge the exact language of section 1010 of the Penal Code upon the law of circumstantial evidence. The only possible hypothesis consistent with the innocence of the accused, arising from the evidence and her statement, was that she did not have any knowledge of the whisky being on her premises. The judge presented this hypothesis in concrete form to the jury, and instructed them that before the defendant could be convicted, the State must show that she had a guilty knowledge of the whisky being on her premises, *and that if it failed to do so, she must be acquitted.* Under the ruling in the cases cited in the headnote, we think the charge of the court sufficiently presented the principle of the law of circumstantial evidence applicable to the facts of the case.        *Judgment affirmed.        Bloodworth, J., concurs.*

STEPHENS, J., dissenting. It is the well-settled law of this State that where a conviction depends entirely upon circumstantial evidence the trial judge must give in charge to the jury the law relative to the degree of proof necessary to convict upon such evidence. See Park's Penal Code, § 1010, and numerous citations under that section. It has been held, however, that, where the trial judge fails to expressly charge the law in reference to circumstantial evidence, but does, "fully and liberally to the defendant, instruct the jury as to the law of reasonable doubts, and the amount and character of testimony necessary to warrant a conviction", he fully complies with the duty incumbent upon him in respect to charging the law of circumstantial evidence. The above-quoted language is taken from the case of *Barrow* v. *State,* 80 *Ga.* 191 (3). The authorities which lay down this seeming exception are cases wherein the evidence

either demanded a verdict, or so far authorized a verdict that the charge upon the law of circumstantial evidence would not have produced a different result. The very judge who rendered the opinion in the *Barrow* case, supra (the oldest case cited and relied upon in the opinion of the majority of the court), said, in the case of *Toler* v. *State,* 107 *Ga.* 682 (33 S. E. 629): "While the failure of the court upon a criminal trial, in which the evidence against the accused is entirely circumstantial, to instruct the jury concerning the rule applicable to evidence of this character would, *in a close or doubtful case,* be cause for a new trial, such failure will not require another trial when the guilt of the accused is *clearly and convincingly* proved, and the charge as to the amount and character of proof requisite to a lawful conviction is such as to *leave no room for doubt* that the verdict would have been the same even if the court had in terms stated to the jury that, in order to warrant a verdict of guilty, the evidence must not only be consistent with the guilt of the accused, but inconsistent with every other reasonable hypothesis." (Italics mine.)

In *Hamilton* v. *State,* 96 *Ga.* 301 (22 S. E. 528), Judge Samuel Lumpkin, who wrote the opinions in both the *Barrow* and the *Toler* cases, said, in the headnote thereto: "When in the trial of a criminal case the evidence against the accused was entirely circumstantial, it was the duty of the judge not only to charge upon the law of reasonable doubt, but also, whether so requested or not, to state to the jury the rule usually applicable in such cases, to the effect that the evidence must connect the accused with the perpetration of the alleged offense, and must not only be consistent with his guilt, but inconsistent with every other reasonable hypothesis." Further on in his opinion in that case the learned judge said: "The law upon this subject is very concisely and aptly stated in the 12th Am. & Eng. Enc. of Law, p. 879, from which we make the following quotation: 'Where the prosecution relies solely upon circumstantial evidence to secure a conviction, it is incumbent upon the trial court to instruct the jury as to the law applicable to such proof. No particular form of language is required; if the ideas conveyed are correct and so expressed as to meet the comprehension of the jury, it is sufficient.' And see the cases there cited. In *Barrow* v. *State,* 80 *Ga.* 191, this court *intimated* [italics mine] that in a case in which the court ought to instruct the jury specifi-

cally as to the law of circumstantial evidence, a failure to do so might be cause for a new trial, unless the court did in fact substantially give the jury all necessary instructions as to the amount and character of proof requisite in such a case to justify a conviction. That was hardly a case of purely circumstantial evidence; but on the assumption that it could be so regarded, this court thought that the charge of the trial judge, who is now the Chief Justice of this court, in effect conformed to the rule above laid down. *It would be easy to cite authorities in great number sustaining the doctrine announced in the headnote, but we are sure it will be accepted as good law without further support.*" [Italics mine.] In his reference to the *Barrow* case, made in the *Hamilton* case just quoted from, Judge Lumpkin seems to have weakened on his position taken in the former case. He refers to what was said in the *Barrow* case on this point as an *intimation,* rather than as a *decision,* using the word "intimated"; and further states that "it was hardly a case of purely circumstantial evidence." So much, therefore, for the *Barrow* case—the evident source of this doctrine. Its author restricted and confined it to its own special and peculiar facts. In that case the court, in the opinion, referring to the charge of the trial court, said: "He charged fully the law of reasonable doubt; warned the jury not to convict unless morally satisfied of her guilt; impressed this upon them by repeated statements to this effect; informed them that if, after an honest and impartial investigation, they were uncertain as to her guilt, they ought to acquit; instructed them they had the right to believe her statement in preference to the sworn testimony offered by the State; and concluded by saying she entered the trial with the presumption of innocence in her favor, that this presumption remained until the State rebutted it by proof, and that if the State had failed to do so she should be acquitted."

In the case of *Jones* v. *State,* 105 *Ga.* 649, also cited and relied upon in the majority opinion, suffice it to say that Mr. Justice Little, at the conclusion of the headnote therein, says: "It would be otherwise if the evidence made the case close or doubtful, or if the account given of the manner in which the possession of the stolen goods was obtained was probable or consistent." In the *Mangum* and *Bush* cases, cited in the majority opinion, the charges were much fuller than in the case now under consideration. Both

contained liberal cautions on reasonable doubt. In the *Mangum* case the judge went so far as to define circumstantial evidence, charged more or less fully on presumption of innocence, and also used this expression: "Whether dependent upon positive or circumstantial evidence the true question in all criminal cases is not whether it be possible that the conclusion at which the testimony points may be false, but whether there is sufficient testimony to satisfy the mind and conscience beyond a reasonable doubt." This is the identical language of section 1013 of the Penal Code.

According to the view which I take of the evidence in the case now before us, the doctrine of the *Barrow* case does not apply. I do not concede that the guilt of the accused is "clearly and convincingly proved." No liquor was found in the defendant's actual possession. Several small receptacles containing liquor were found on the defendant's premises, outside of her dwelling-house. Only from the manner in which this liquor was placed, and the opportunity afforded thereby to charge the defendant with knowledge of its being on her premises, could she have been convicted. The circumstances were consistent with her innocence, and might not, in the minds of the jury, have excluded "every other reasonable hypothesis save that of the guilt of the accused." Nor does it appear that "the court very fully and liberally to the defendant instructed the jury as to the law of reasonable doubt, and the amount and character of testimony necessary to warrant a conviction." The charge of the court in this connection was: "In order to convict the defendant of this offense, it is necessary for the State to show to your satisfaction that the defendant had a guilty knowledge of the whisky being there, then you will acquit the defendant." Then, after the customary charge on the defendant's statement, the court concluded with a final instruction that "If you believe the defendant is guilty beyond a reasonable doubt, you will convict the defendant, otherwise acquit her." The court did not "charge *fully* the law of reasonable doubt." (Italics mine.) He made no reference to it in connection with his charge as to knowledge by the defendant of the presence of whisky on her premises. He did not "warn the jury not to convict unless morally satisfied of her guilt;" he did not "impress this upon them by repeated statements to this effect;" he did not "inform them that if, after an honest and impartial investigation, they were uncertain as to

her guilt they ought to acquit her;" and he did not charge "that she entered the trial with the presumption of innocence in her favor [and] that this presumption remained until the State rebutted it by proof." Nowhere were "the ideas [of circumstantial evidence] conveyed so as to meet the comprehension of the jury." Even assuming, as the majority in the case sub judice holds, that "The only possible hypothesis consistent with the innocence of the accused, arising from the evidence and her statement, was that she did not have any knowledge of the whisky being on her premises," the trial judge did not, in my judgment, instruct the jury "fully and liberally" as to the "amount and character of [this] testimony."

I do not dispute the doctrine of the *Barrow* case, although it is confessedly obiter dictum. I am content to leave it with its author's stricture upon it in the *Hamilton* case. Suffice it to say that if it is an exception to the general rule, for that reason it should be very cautiously applied. It should be confined and restricted to those cases only which clearly fall within its compass, and where a failure to apply the general rule was harmless.

Had the law of circumstantial evidence been given in charge to the jury, the defendant might have been acquitted. The jury might have concluded, from the manner in which the liquor was located upon her premises, that she had no knowledge of its existence. The jury might have concluded that the circumstances were not sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused. The conviction depended entirely upon circumstantial evidence, and the verdict should be set aside and a new trial granted because of the failure of the trial judge to charge the law relative to the degree of proof necessary to convict when a conviction depends entirely upon such evidence. *Lewis* v. *State,* 6 *Ga. App.* 205 (54 S. E. 701).