### 10390.  HENDRIX *v.* THE STATE.

1. Where one is indicted for having, controlling, and possessing prohibited liquors, and the evidence relied upon to convict is the finding of such liquors in the defendant's residence, it is not necessarily a complete defense to such charge that the defendant was not at his place of residence at the time such liquors were found and had not been there since the time such liquors were placed in his residence. One may have, control, or possess liquor in violation of law and at no time be present at the place of storage or have such liquor in his physical possession. The trial judge, therefore, did not err in failing to charge the law relative to alibi as a defense, especially since the defendant made no request for such a charge.

2. Conceding that the defendant's conviction depended entirely upon circumstantial evidence, the failure of the judge, in the absence of a timely written request, to charge the jury the precise language of section 1010 of the Penal Code was not error. The judge presented in a concrete statement to the jury the only possible hypothesis arising from the evidence or from the defendant's statement which was consistent with his innocence, and instructed the jury that if they found this hypothesis to be true, the defendant should be acquitted. The principle of the law of circumstantial evidence was sufficiently presented by these instructions.

3. The other special ground of the motion for a new trial, not being insisted upon either in the oral argument or in the brief of counsel for the plaintiff in error, will be treated as abandoned.

4. The evidence amply authorized the verdict, and the court did not err in refusing to grant a new trial.

DECIDED JULY 3, 1919.

Certiorari; from Chatham superior court—Judge Meldrim. December 17, 1918.

*Robert. L. Colding*, for plaintiff in error.

*Walter C. Hartridge, solicitor-general*, contra.

STEPHENS, J. The opinion of the majority of the court is as follows:

"The 2d headnote alone needs elaboration. The defendant was tried and convicted of unlawfully having, controlling, and possessing spirituous liquors. The undisputed evidence showed that 188 pints of rye whisky were found in the defendant's private residence. When the whisky was found he was absent, but his wife was present in the house. The defendant and his wife resided in the lower apartment of an apartment-house, and the evidence does not disclose that any one else lived there with them. A portion of this whisky was found in five suit-cases. There were also three empty suit-cases, and the remainder of the whisky was found standing upon the floor of the bath-room and upon the floor between the bath-room and the bedrooms. The whisky was found about 6:45 a. m. on the morning of October 7, 1918. A witness for the State testified that about 5 o'clock on the same morning he saw the defendant unloading, upon the front porch of his residence, the same suit-cases afterwards found in the house. It is true that other evidence showed that at that hour the defendant was locked up in the police station. However, the jury were authorized to believe the testimony of that witness, or to believe that he was mistaken as to the time that he saw the defendant unloading the suit-cases. But even if the testimony of this witness be entirely eliminated, the remaining undisputed evidence in the case, as to the finding of 188 pints of whisky in the defendant's private residence, was sufficient to exclude every other *reasonable* hypothesis save that of the defendant's guilt.

"In this State the husband is recognized by law as the head of his family, and, where he and his wife reside together, the legal presumption is that the house and all the household effects, including any intoxicating liquors, belong to the husband as the head of the family. This presumption of course is rebuttable. *Young* v. *State*, 22 *Ga. App.* 111 (95 S. E. 478), and authorities cited. In the instant case there was no attempt, either by the

introduction of evidence or by the defendant's statement, to rebut this presumption. It will be borne in mind that the defendant was not charged with or convicted of placing the whisky upon his front porch at five o'clock in the morning, or at any other time; he was only charged with, and convicted of, having, controlling, and possessing whisky. Upon the trial the defendant introduced no evidence, and his entire statement was as follows: 'Gentlemen, the statement that Mr. Coleman made is absolutely false. I was not at home at all that night, and know nothing at all about the whisky. Mr. Coleman claims that he saw me unloading the whisky at the house at 5 o'clock, at which time Lieut. Bentley will tell you I was under arrest at the police station. I think Lieut. Evers and Detective Murphy and Mr. Bentley will tell you that they would not believe that man on his oath. I know absolutely nothing about it at all.' Eliminating the evidence of the State's witness, Coleman (who testified to seeing the defendant unload the suit-cases upon his porch), which was not necessary to convict the defendant (in view of the undisputed evidence as to the finding of the whisky in the defendant's residence), the only contention made in the defendant's statement, besides the immaterial statement that he was not at home that night, was that he knew nothing about the whisky being in his residence. In other words, the only hypothesis favorable to the accused, raised by the evidence and by the defendant's statement, was that he did not have, control, or possess the whisky ·found in his house. Upon this issue the court charged as follows: 'I charge you that if the proof satisfies you, beyond a reasonable doubt, that this defendant either had or procured or possessed spirituous liquors, or that he procured, commanded, aided, or abetted, or knowingly participated in having, controlling, or possessing spirituous liquors, he would be guilty of the crime charged. *On the other hand, if he did not knowingly participate in having it, if he did not aid, or abet, or procure in having it, or if he did not have, control, or possess them, of course he would not be guilty. . . The issue for you to determine in this case is, whether this defendant did have, or did he control, or did he possess, spirituous liquors.* If, under the rules given you in charge, you come to the conclusion that he did have, or that he did control, or did possess, you should find the defendant guilty.

*If you do not so believe, it will be equally your duty to find him not guilty.'*

"In *Mangum* v. *State,* 5 *Ga. App.* 445 (63 S. E. 243), paragraph 2 of the decision is as follows: 'While in every criminal case, where it is sought to show the guilt of the accused by circumstantial evidence alone, the jury should be instructed and cautioned that he should not be convicted on circumstantial evidence, unless the proven facts exclude every possible reasonable hypothesis save the guilt of the defendant, still it is immaterial what language is employed to convey this instruction. If all possible hypotheses arising from the circumstantial evidence which are favorable to the defendant be presented in concrete statement to the jury, and the jury are told that if they believe any one of these hypotheses the defendant should be acquitted, the principle above referred to would be sufficiently presented. And where, as in the present case, only two inferences can be drawn from the evidence,—the one of innocence, and the other of guilt,—and the hypothesis consistent with innocence is fully and fairly stated to the jury, and the jury are instructed that if they are satisfied that the hypothesis consistent with innocence is true, or if they have a reasonable doubt as to its truth, the defendant should be acquitted, the rule above stated is substantially complied with.' See also, to the same effect, *Barrow* v. *State,* 80 *Ga.* 191 (5 S. E. 64) ; *Richards* v. *State,* 102 *Ga.* 569 (27 S. E. 726) ; *Jones* v. *State,* 105 *Ga.* 649 (31 S. E. 574) ; *Bush* v. *State,* 23 *Ga. App.* 126 (97 S. E. 554) ; *Reynolds* v. *State,* 23 *Ga. App.* 369 (98 S. E. 246) ; *Davis* v. *State,* ante, 35 (100 S. E. 50). In the instant case the court also sufficiently charged upon the presumption of the defendant's innocence, and fully instructed the jury upon the subjects of reasonable doubt and of the defendant's statement. It is our opinion that the court sufficiently presented in concrete form the sole hypothesis favorable to the accused, arising from the evidence or from the defendant's statement. Under the undisputed evidence in this case, leaving out entirely the evidence of the witness Coleman, the conviction of the defendant was clearly and convincingly proved, and the charge of the court as to the amount and character of proof requisite to the defendant's conviction was such as to leave no room for doubt that the verdict would have been the same even if the court had, in the precise terms of the statute,

stated to the jury that in order to warrant a verdict of guilty, the evidence must not only be consistent with the guilt of the accused but inconsistent with every other reasonable hypothesis. *Toler* v. *State,* 107 *Ga.* 682 (33 S. E. 629)."

Speaking for myself alone, I concur in the first headnote, but dissent from the ruling announced in the second headnote. There is no direct evidence that defendant had, controlled, or possessed any liquors. He had, sometime in the nighttime, come in an automobile from the railroad yards, under circumstances that were suspicious. He was seen later unloading from an automobile some suit-cases onto the front porch of his residence, but there was no evidence as to the contents of these suit-cases. That was necessarily left to inference from other circumstances. A few hours afterwards, and in the defendant's absence, some of these identical suit-cases were found, filled with intoxicating liquor, in his house. There is no direct proof that he knew of the presence of the liquor in his house, nor as to when it was placed there. It is only an inference, from the circumstance that it was *his* home and that he brought the liquor and deposited it there a few hours before it was found there in the suit-cases which he had been seen unloading from the automobile. There is no direct proof that the suit-cases, when they were unloaded, contained any liquor. This can only be inferred from the circumstances under which the car came from the railroad yards, and the finding of the liquor a few hours afterwards in the suit-cases, after they had been deposited by the defendant himself upon the porch of his house. The conviction of the defendant, therefore, necessarily depended entirely upon circumstantial evidence (*Lewis* v. *State,* 6 *Ga. App.* 205, 64 S. E. 701); and unless the trial judge charged the law relative to the degree of proof necessary to convict upon such evidence, whether requested to do so or not, the conviction should be set aside (*Harden* v. *State,* 13 *Ga. App.* 34, 78 S. E. 681), unless it can be brought within the doctrine of *Barrow* v. *State,* 80 *Ga.* 191 (5 S. E. 64), and the authorities following it, relied upon by my colleagues in the majority opinion. I do not think that this doctrine is applicable here. See my views expressed in my dissenting opinions in *Reynolds* v. *State,* 23 *Ga. App.* 369 (98 S. E. 246), and *Davis* v. *State,* 24 *Ga. App.* 38 (100 S. E. 51). The doctrine of the *Barrow* case, and the authorities following it, applies only when the guilt

of the accused, dependent upon circumstantial evidence, "is *clearly* and *convincingly: proved,* and the charge as to the amount and character of proof requisite to a lawful conviction is such as to *leave no room for doubt* that the verdict would have been the same even if the court had in terms stated to the jury that, in order to warrant a verdict of guilty, the evidence must not only be consistent with the guilt of the accused, but inconsistent with every other reasonable hypothesis." (Italics mine.)　*Toler* v. *State,* 107 *Ga.* 682 (33 S. E. 629).　It seems that where guilt is well established by circumstantial evidence, and it is apparent that another trial would not produce a different result, a charge which fully and liberally instructs the jury as to reasonable doubt and presumption of innocence fully measures up to the doctrine of the *Barrow* case, supra, and the authorities following it.

As I understand it, the charge of the court now under consideration does not, in view of the facts of the case, measure up to the standard laid down by these authorities and relied upon by the majority of this court.　While the evidence, taken most strongly against the defendant and in favor of the State, points rather strongly towards the defendant's guilt, yet, in view of the impeaching testimony and the defendant's contention that it is a case of mistaken identity, it cannot with certainty be said to "clearly and convincingly" prove the defendant's guilt (*Toler* case, supra), or to "clearly show the guilt of the accused" (*Richards* case, supra).　See also *Jones* v. *State,* supra.　Nor did the judge charge the jury that the defendant entered the trial with the presumption of innocence in his favor, and that this presumption remained until the State rebutted it by proof, and that if the State failed to do so he should be acquitted.　*Barrow* case, supra. The only reference made by the trial judge to the presumption of innocence was in these words: "Every person accused of crime is presumed to be innocent until guilt is proven beyond a reasonable doubt."　This language was not as full and as ample as Georgia judges are accustomed to use in this connection, and did not measure up to the well-recognized legal standard.　*Reddick* v. *State,* 11 *Ga. App.* 150 (74 S. E. 901) Coffin *v.* United States, 156 U. S. 432 (15 Sup. Ct. 394, 39 L. ed. 481).　It made no reference to a presumption of innocence remaining with the defendant throughout the entire trial.　While I am not prepared to say that

this omission should work a reversal of the judgment if properly excepted to, yet it certainly was not a very liberal and full instruction upon the law of presumption of innocence, and can hardly compensate for the trial judge's omission to specifically charge the law relative to the degree of proof necessary to convict upon circumstantial evidence.

In the *Bush* case, cited and relied upon in the majority opinion, it is held: "While in every criminal case, where it is sought to show the guilt of the defendant by circumstantial evidence alone, the jury should be instructed and cautioned that he should not be convicted on circumstantial evidence, unless the proved facts exclude every possible reasonable hypothesis save the guilt of the defendant, still it is immaterial what language is employed to convey this instruction, if all possible hypotheses arising from the circumstantial evidence which are favorable to the defendant be presented in concrete statement to the jury, and the jury are told that if they believe any one of these hypotheses the defendant should be acquitted. This rule is substantially complied with where, as in the present case, only two inferences can be drawn from the evidence,—the one of innocence and the other of guilt,—and the hypothesis consistent with innocence is fully and fairly stated to the jury, and the jury are instructed that if they are satisfied that the hypothesis consistent with innocence is true, or if they have a reasonable doubt as to its truth, the defendant should be acquitted." The ruling in *Reynolds* v. *State,* supra, was to the same effect. If the rule here stated by the Court of Appeals is in conflict with the rule laid down by the Supreme Court in the authorities cited by the majority of this court, it, of course, must yield to the higher authority. Be that as it may, the charge fails also to measure up to the standard laid down in the *Mangum* and *Bush* cases, since "all the hypotheses arising from the circumstantial-evidence which are favorable to the defendant" were not "presented in concrete statement to the jury." Several of the hypotheses favorable to the defendant's innocence were not presented in any form to the jury. It was an hypothesis consistent with innocence that the suit-cases when unloaded on defendant's porch did not contain liquor. It was an hypothesis consistent with innocence that the defendant was not the person seen unloading the suit-cases from the automobile. The defendant stated that

he had not been at home that night. According to the police officer's testimony, the defendant was arrested prior to the time that the State's main witness testified that he saw the defendant unloading the suit-cases, and must have been in jail at the time. It was an hypothesis consistent with innocence that the State's main witness did not speak the truth when he stated the time at which he saw defendant unloading the suit-cases, this testimony having been contradicted by another witness,—the police officer. It was an hypothesis consistent with innocence that the defendant, by reason of his absence from home, had no knowledge of the presence of liquor in his house. None of these hypotheses were specifically called to the jury's attention. The law as to impeachment of witnesses was not charged. It being undisputed that the defendant was absent from home when the liquor was discovered there, it was absolutely essential to his guilt, predicated upon the fact that the liquor was found at his house, that he knew of its presence and allowed it or caused it to be there, or to remain there after becoming aware that it was in his house. Nowhere did the judge charge that such guilty knowledge was essential to the defendant's conviction. For these reasons I do not, after consideration of all the authorities, believe that the charge of the court as applied to this case, measured up to the standard laid down in the authorities supra, which hold that the law relative to the degree of proof necessary to convict under circumstantial evidence was substantially given in charge.

I take it that, from all the authorities, the true rule is that where a conviction depends entirely upon circumstantial evidence, the trial judge should, whether requested or not, give in charge to the jury the law relative to the degree of proof necessary to convict in such cases, viz: "To warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused" (Penal Code, §1010); but where the judge fails to so charge, "such failure will not require another trial when the guilt of the accused is clearly and convincingly proved, and the charge as to the amount and character of proof requisite to a lawful conviction is such as to leave no room for doubt that the verdict would have been the same even if the court had in terms stated to the jury that, in order

to warrant a verdict of guilty, the evidence must not only be consistent with the guilt of the accused, but inconsistent with every other reasonable hypothesis" (*Toler* v. *State*, supra), "such amount and character of proof" being outlined to the jury in ample instructions as to presumption of innocence, reasonable doubt, defendant's statement, etc. (*Barrow* case, supra); or, irrespective of the strength of the testimony tending towards conviction, the law relative to conviction upon circumstantial evidence is sufficiently stated to the jury when their attention is sufficiently called to all issues made by the evidence and the law relative thereto is submitted in charge, and when every possible reasonable hypothesis of innocence deducible from the evidence is submitted in "concrete statement" to the jury, a total aggregate of single instances being equivalent to the whole. This rule is based upon the doctrine of harmless error and substantial compliance. Harmless error is often dangerous doctrine, and substantial compliance is often bad law. These exceptions to the general rule should be cautiously applied.

For the above reasons, and without passing upon the other assignments of error, I think the conviction should be set aside and a new trial granted.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur. Stephens, J., dissents.*