*E. S. Griffith, solicitor-general,* contra.

---

### 15320. ISOM *v.* THE STATE.

BLOODWORTH, J. 1. "In this State the husband is recognized by law as the head of his family, and, where he and his wife reside together, the legal presumption is that the house and all the household effects, including any intoxicating liquors, belong to the husband as the head of he family. This presumption of course is rebuttable. *Young* v. *State,*

22 *Ga. App.* 111 (95 S. E. 478), and authorities cited." *Hendrix* v. *State*, 24 *Ga. App.* 56 (95 S. E. 478). Under the foregoing ruling there is no error in the first special ground of the motion for a new trial.

2. "The court is not required to charge upon a theory of defense arising solely from the statement of the accused, in the absence of a timely written request so to charge. *Hardin* v. *State*, 107 *Ga.* 718 (33 S. E. 700); *Baker* v. *State*, 111 *Ga.* 141 (36 S. E. 607); *Gay* v. *State*, 111 *Ga.* 649 (36 S. E. 857); *Richards* v. *State*, 114 *Ga.* 834 (40 S. E. 1001); *Smith* v. *State*, 117 *Ga.* 259 (43 S. E. 703); *Johnson* v. *State*, 4 *Ga. App.* 59 (60 S. E. 813)." *Lott* v. *State*, 18 *Ga. App.* 747 (2) (90 S. E. 727). See also *Green* v. *State*, 22 *Ga. App.* 793 (97 S. E. 201). The rulings in the foregoing cases dispose of the second ground of the amendment to the motion for a new trial adversely to the plaintiff in error.

3. Under the facts of this case, and in the absence of a legal and proper written request to charge as provided by section 6084 of the Civil Code of 1910, the court did not err in failing to charge on circumstantial evidence.

4. The verdict is not without evidence to support it.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 16, 1924.

Conviction of possession of liquor; from city court of Floyd county—Judge Bale. January 5, 1924.

*Porter & Mebane,* for plaintiff in error.

*James Maddox, solicitor,* contra.