### 18470. GEORGE *v.* THE STATE.

Applying the prima facie presumption as to the husband's ownership of intoxicating liquor found in a house in which he and his wife reside together, the jury, under the evidence in this case, were authorized to find the accused guilty of possession of such liquor.

Although the judge in his charge to the jury might have applied more aptly than he did the rule as to the presumption stated above, yet in the light of the charge as a whole and in the absence of a request for fuller or more specific instructions, the exceptions to the charge do not require a new trial.

DECIDED DECEMBER 14, 1927.

Possessing liquor; from city court of Valdosta—Judge Cranford. August 26, 1927.

*W. E. Perry,* for plaintiff in error.

*R. G. Dickerson, solicitor,* contra.

LUKE, J. 1. "In this State the husband is recognized by law as the head of his family, and, where he and his wife reside together, the legal presumption is that the house and all the household effects, including any intoxicating liquors, belong to the husband as the head of the family. This presumption, of course, is rebuttable." *Isom* v. *State,* 32 *Ga. App.* 75 (122 S. E. 722). See also *Hendrix* v. *State,* 24 *Ga. App.* 56 (100 S. E. 55); .

Intoxicating Liquors, 33 C. J. p. 744, n. 16; p. 761, n. 53; p. 791, n. 53.

*Young* v. *State,* 22 *Ga. App.* 111 (95 S. E. 478). Applying the foregoing rule of law to the evidence as a whole, and to the defendant's statement that "other people live in that house besides me," the jury had the right to conclude that the defendant was in the possession, custody, and. control of the seventy-seven pints of whisky found in the house occupied by his wife and children; and this is true notwithstanding the defendant's assertion that his mother-in-law rented the house, and that his cousin lived in it, and that the defendant himself "did not live in Valdosta for the past eight years for more than about two weeks at a time." It follows that the judgment overruling the motion for a new trial can not be reversed upon the general grounds of the motion.

2.   While the trial judge, in his charge to the jury, might have applied the rule of law set out in *Isom* v. *State,* supra, more aptly to the different phases of the case, including the contentions made by the defendant in his statement, yet in the light of the charge as a whole, and of the fact that there was no request for fuller or more specific instructions, this court declines to hold that either of the special grounds of the motion for a new trial discloses reversible error.   See *Reynolds* v. *State,* 23 *Ga. App.* 369 (98 S. E. 246).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*