20160. EALEY *v.* THE STATE.

DECIDED JANUARY 14, 1930.

*Luke Arnold, Charles G. Bruce,* for plaintiff in error.
*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

LUKE, J. On March 27, 1929, Jake Ealey was convicted in the criminal court of Atlanta under an accusation charging him with possessing "one half-gallon of corn whisky in a pitcher at 115 Walnut street" in the City of Atlanta. The judge of the superior court overruled the defendant's certiorari, and he excepted.

The record discloses that two officers entered the defendant's residence on Walnut street and immediately detected strong fumes

of whisky; that they found on the platform of the kitchen sink a pitcher "that had had corn whisky in it which had been poured out in the sink;" that the pitcher still contained "about a gill of whisky;" that the sink smelled like whisky; and that the defendant and a girl were sitting by the fireplace, and the defendant's wife was in bed. The defendant stated that when he came home after being absent all day, he found the girl talking to his wife, who was sick in bed with flu; that his wife was telling the girl that an old woman had brought her some ginger tea, and that she had drunk the tea and felt better; that if there was any whisky around there he knew nothing of it; that he had not kept any whisky about his place since the law caught him about a year previously; and that he worked for a living, and was not guilty of the charge.

The verdict of the jury expresses their belief that whisky, and not ginger tea, was the liquid found in the pitcher, and that the odor in the house and the sink emanated from whisky, and not from ginger tea. So far as the record discloses, the defendant and his wife were the only regular occupants of the house, and the girl was merely visiting his wife. "In this State the husband is recognized by law as the head of the family, and, where he and his wife reside together, the legal presumption is that the house and all the household effects, including any intoxicating liquors, belong to the husband as the head of his family. This presumption, of course, is rebuttable. *Isom* v. *State,* 32 *Ga. App.* 75 (122 S. E. 722). See also *Hendrix* v. *State,* 24 *Ga. App.* 56 (100 S. E. 55); *Young* v. *State,* 22 *Ga. App.* 111 (95 S. E. 478.)" *George* v. *State,* 37 *Ga. App.* 513 (140 S. E. 903). The evidence abundantly supports the verdict.

Two accusations to which defendant had previously pleaded guilty were introduced in evidence. The first accusation charged the defendant with possessing "three quarts of corn whisky in cans at 101 Walnut street in the City of Atlanta" on July 12, 1927. The plea of guilty was entered September 28, 1927. The second accusation charged the defendant with possessing "five quarts of corn whisky in cans at 227 Walnut street in the City of Atlanta" on November 15, 1926. The plea of guilty was entered April 6, 1927. The objection to the introduction of the foregoing documents was in this language: "I object to this evidence, your honor, as being irrelevant and immaterial, for the purpose of in-

flaming and prejudicing the minds of the jury, and being wholly distinct and independent from the charge for which the defendant is being tried."

"In a prosecution for possessing whisky it is not error to admit evidence that on other occasions, both before and after the date of the offense charged in the accusation, whisky was found in the place of business of the accused. *Cole* v. *State*, 120 *Ga.* 485 (48 S. E. 156) ; *Lee* v. *State*, 8 *Ga. App.* 413 (3) (69 S. E. 310) ; *Holland* v. *State*, 9 *Ga. App.* 831, 835 (72 S. E. 290) ; *Reddick* v. *State*, 15 *Ga. App.* 437 (2) (83 S. E. 675) ; *Lilllelon* v. *State*, 20 *Ga.· App.* 746 (3) (93 S. E. 230)." *Jones* v. *State*, 32 *Ga. App.* 7 (122 S. E. 905). The accusation in the case at bar was drawn during the December, 1928, term of court, and defendant was tried and convicted March 27, 1929. In his statement to the jury the defendant said : "I have not kept any whisky around my place, or fooled with any, except to take a drink once in a while, since the law caught me about a year ago." He denied also knowing that any whisky was in his house. In *Cook* v. *State*, 33 *Ga. App.* 571 (4) (127 S. E. 156), it was said : "In a prosecution for having intoxicating liquors, where there is evidence tending to show that the accused repeatedly committed the alleged offense at times within the statute of limitations, additional evidence, tending to show commission of the same offense by the accused at a time not within the statute of limitations is not subject to the objection that it is irrelevant. It is relevant on the question as to intent, and as a circumstance corroborative of the evidence relating to transactions within the statute." See also *Hayes* v. *State*, 36 *Ga. App.* 668 (137 S. E. 860) ; *Terry* v. *State*, 36 *Ga. App.* 305 (136 S. E. 476) ; 1 Wharton on Criminal Evidence (10th ed.), § 31. It was held in *Johnson* v. *State*, 37 *Ga. App.* 331 (140 S. E. 422), that on the trial of one for possessing whisky, evidence that about two months after the date of the offense charged a large quantity of whisky was found at the defendant's place of business was admissible "to prove scienter, or show guilty knowledge of the accused, and to show his intent or motive under the circumstances." The court did not err in admitting the accusations in evidence.

The evidence supports the verdict, and for no reason assigned did the court err in overruling the certiorari.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*