## 29242.  GIBBS *v.* THE STATE.

Decided November 7, 1941.

*Willis Smith,* for plaintiff in error.
*Earl Staples, solicitor,* contra.

Gardner, J.  This defendant was convicted on an accusation charging him with the possession of more than one quart of tax-paid whisky in a "dry" county. His motion for new trial was overruled and he excepted.

The evidence for the State in substance showed that the sheriff went to the house of the defendant and found five pints of tax-paid liquor on a cabinet in the kitchen. The defendant and his wife were present. The sheriff inquired if any of the whisky belonged to the wife. She replied that some of it did. The defendant made a statement in which he claimed that one pint of the whisky belonged to his wife, that two pints belonged to him and that two pints belonged to "the boy." Hal Durrett, sworn for the defendant, testified that he lived in the house with the defendant at the time of the seizure of the five pints of whisky; that two pints of it belonged to him and that the defendant's wife said one pint belonged to her. He thought the whisky was the same brand.

As we view the case it is unnecessary to discuss the special grounds, for the reason that in our opinion the controlling point is with reference to the general grounds. It is true that the presumption is that the five pints of whisky belonged to the defendant as the head of the house. But this is a rebuttable presumption. *Barron* v. *State,* 46 *Ga. App.* 829 (169 S. E. 323) ; *Isom* v. *State,* 32 *Ga. App.* 75 (122 S. E. 722) ; *Young* v. *State,* 22 *Ga. App.* 111 (95 S. E. 478). Can it be said, as a matter of law, that this presumption was not overcome by the uncontradicted showing of the defendant? In his statement the defendant contended that two pints belonged to him, one pint to his wife, and that "the boy" (the young man boarder) had brought in two pints. While, we realize that the statement of the defendant should receive only such weight as the jury might see fit to give it, yet the jury could not disregard the uncontradicted and unimpeached evidence of the witness Durrett, to the effect that two pints of the whisky were his, and that of the sheriff to the effect that Mrs. Gibbs, the wife, at the time the whisky was found and in the presence of the defendant, confessed, upon inquiry of the sheriff, that a part of the whisky was hers.

To say the least, the evidence as a whole was not sufficient to stamp the defendant guilty beyond a reasonable doubt.

*Judgment reversed. Broyles, C. J., concurs.*

MacIntyre, J., dissenting. Construing the evidence most favorably to upholding the verdict, I think the defendant's conviction was authorized. The State's evidence disclosed that five pints of bonded whisky were found in the defendant's home which was located in a "dry" county. The officer who found the whisky testified that it was all of the same brand, in five different bottles, and was in the kitchen cabinet in the defendant's house. He stated that no one was at home except the defendant and his wife at the time it was found. Hal Durrett, witness for the defendant, testified that two pints of the whisky belonged to him "and one pint Lewis's wife *said* belonged to her, and the other two pints belonged to Lewis [the defendant]." (Italics mine.) The testimony of Durrett that two of the five pints of whisky were his was uncontradicted except by the circumstances under which it was found and the manner in which he testified. However, the defendant, being the husband and the head of the house, was presumed to be the owner of the

other three pints. That one of the pints belonged to the defendant's wife was shown by hearsay evidence which has no probative value; also, Durrett, on cross-examination, testified that he did not know the brand of the whisky which he said was his, or which the defendant's wife said was hers. The majority opinion seems to be predicated on the theory that the presumption which arose from the defendant's possession of the whisky as the head of the house was rebutted by the defendant's statement corroborated by uncontradicted testimony. This court has said: "If the witness who corroborated the defendant's statement had been impeached or discredited in any way, we should not feel authorized to disturb the verdict. If there were any circumstances which would supply a reason why the jury did not believe this witness, we would not interfere. If there had been any testimony that the witness was unworthy of belief, on account of general bad character or of a conflict between different portions of the witness's own testimony; —If the witness had made contradictory statements either previously or upon the trial, or if there had been any evidence directly or circumstantially in conflict with her testimony, the verdict would be authorized; but a jury can not arbitrarily disregard testimony which is wholly unimpeached and not contradicted, unless it is in relation to a matter which is unreasonable or impossible." *Gibbs* v. *State,* 8 *Ga. App.* 107, 108 (68 S. E. 742); *Tate* v. *State,* 47 *Ga. App.* 784, 786 (171 S. E. 557). Thus, the jury here were authorized to disregard the entire testimony of Durrett, and believe only that testimony of the State's witnesses to the effect that five pints of whisky were found in the defendant's home, and that the presumption had not been rebutted that the defendant, as the head of the house, possessed the entire five pints of whisky found therein. Furthermore, even if the jury found that two pints belonged to Durrett, yet they were authorized to find that the presumption had not been rebutted that the remaining three pints of whisky belonged to the defendant, notwithstanding the statement of both the defendant and his wife that one pint of the whisky belonged to her. *Hill* v. *State,* 50 *Ga. App.* 288 (177 S. E. 826). I think the judgment should be affirmed.