## 30781. WYATT *v.* THE STATE.

DECIDED APRIL 20, 1945. REHEARING DENIED JUNE 6, 1945.

*William H. Reynolds,* for plaintiff in error.

*Roy Leathers, solicitor-general,* contra.

MACINTYRE, J. 1. "If one be found in the recent possession of goods shown to have been stolen from the house at the time of the breaking and entering, such possession is sufficient to connect the person in possession with the perpetration of the offense. But it is not of itself conclusive." *Lester* v. *State,* 106 *Ga.* 371 (32 S. E. 335). Mr. Adams and his wife, in the instant case, positively identified the gowns and the dish alleged to have been stolen from their home at the time of the burglary. The jury accepted their testimony, and the recent possession of these articles was sufficient to connect the defendant, the person in possession of them, with the perpetration of the offense. *Lewis* v. *State,* 120 *Ga.* 508 (48 S. E. 227); *Mangham* v. *State,* 87 *Ga.* 549 (13 S. E. 558). The evidence, therefore, authorized the verdict.

2. Special ground 1. The judge in charging the jury defined burglary, and then charged them in part as follows: "It is charged in this indictment that there was a breaking and entering into the dwelling house of W. L. Adams and that that was done with the intent to commit a larceny. Therefore, gentlemen, I will give you the definition of larceny inasmuch as it is charged in the indictment that there was a breaking and entering with intent to commit a larceny. Larceny, under our law, gentlemen, is the wrongful and fraudulent taking and carrying away by any person of the personal goods of another, with the intent to steal the same. It is not charged in this indictment that there was a breaking and entering with intent to commit a felony, but a breaking and entering with intent to commit a larceny, the definition of which I have just given to you. [Now, gentlemen, the essential elements of burglary are that there must have been a breaking and entering of the particular house named in the indictment, *in this case it is the dwelling house of W. L. Adams,* and that breaking and entering must have been done with the intent to commit a larceny as charged in this indictment.] (I charge you this principle of law, that if you should find from the evidence in the case that the offense which is charged in this indictment, that is, burglary of the house of W. L. Adams, was committed by some one, and that very soon thereafter all or any part

of the goods taken therefrom at the time the offense was committed, if the offense of burglary was committed, was shown to have been found recently thereafter in the possession of the defendant now on trial, that such possession, gentlemen, if not satisfactorily explained consistent with the theory of innocence, might raise a presumption of guilt and authorize you to identify the defendant as the guilty party and convict him of the crime as charged, if you believe him guilty from the evidence beyond a reasonable doubt.) Such a presumption of guilt would be one of fact and not one of law, however, and might be rebutted by an explanation of such possession satisfactory to the jury. That is, gentlemen, if one who should be found in recent possession of stolen goods satisfactorily explained that possession, consistent with the theory of innocence, then such possession would create no presumption against the person found in such possession. Now, gentlemen, those matters are issues of fact for you gentlemen to determine from the evidence in the case. Every issue of fact is to be determined by you gentlemen and the court does not express or intimate any opinion as to what the facts are in the case, but expressly charges you that you are to determine from the evidence in the case, including the defendant's statement, what the truth is with reference to every question of fact in the case." Italics, brackets, and parentheses ours. The defendant contends that the use of the italicized words, to wit, *in this case it is the dwelling house of W. L. Adams,* "is an expression by the court that the State had proved its contention that the house alleged to have been burglarized belonged to W. L. Adams. Movant [defendant] contends that the proper language to have been used in this connection would have been: 'In this case it is alleged to have been the dwelling house of W. L. Adams.' "

In the part of the charge above quoted, which is inclosed in brackets and which contains the clause, "in this case it is the dwelling house of W. L. Adams," the court was instructing the jury on what were the essential elements necessary to be proved in order to authorize a verdict of guilty of burglary in the instant case, and, although ineptly expressed, stated in effect that in this case one of the essential elements necessary to be proved was that the particular house named or alleged in the indictment "is the dwelling house of W. L. Adams." The part of the charge subse-

quent to the excerpt complained of makes it clear that the court was not expressing an opinion that the house was the dwelling house of W. L. Adams, but that an essential element of the crime charged in this case necessary to be proved was that the particular house named in the indictment is the dwelling house of W. L. Adams. When the charge is considered as a whole, we do not think that this verbal inaccuracy was calculated to mislead the jury or to obscure the meaning of the court. *Cosby* v. *Reid,* 21 *Ga. App.* 604, 607 (2) (94 S. E. 824); *Lazenby* v. *Citizens Bank,* 20 *Ga. App.* 53, 58 (92 S. E. 391); 1 Reid's Branson Instructions to Juries (3d ed.), § 140. No reversible error appears in this special ground of the motion for new trial.

3. Special ground 2. The defendant contends that the court having charged as set forth in the parentheses of the charge above quoted should have elaborated or further charged that on trial of one charged with the crime of burglary, the fact that the goods alleged to have been stolen were found in a room or a house occupied jointly by two persons would not be conclusive evidence that the goods were in the possession of either one of them. In view of the fact that the evidence showed that the defendant and his wife resided together and were the only persons occupying the room in question we think that even if such a charge was adjusted to the evidence it would still have been but an elaboration of the substantial law already given in the general charge, and in the absence of a timely request, the failure to so charge would not have been cause for a new trial. *Savannah Electric Co.* v. *Jackson,* 132 *Ga.* 559, 562 (4) (64 S. E. 680). In the instant case the defendant on trial was the husband; he and his wife lived together in the same home; both had been indicted for the burglary in question; and the alleged articles taken at the time of the burglary were found in their home. Under such circumstances, the following rule of law is applicable, that is, the husband is recognized by law as the head of the family and the legal presumption is that the house and all the household effects belong to him as the head of the house. This presumption, of course is rebuttable. *Isom* v. *State,* 32 *Ga. App.* 75 (122 S. E. 722). Thus this contention of the defendant is not meritorious. The defendant further contends that this excerpt of the charge was error in that the court failed to elaborate and charged that the goods

alleged to have been stolen, if found in a room or house occupied jointly by two persons [the husband and wife], would not be conclusive evidence that they were in the possession of either of them, and that the charge as given was therefore an expression of an opinion that the defendant on trial was in the exclusive possession of the articles. The court charged if one who should be found in the recent possession of stolen goods satisfactorily explains that possession, consistent with the theory of innocence, then such possession would create no presumption against the person found in such possession. There was no request to charge and if the defendant wished an elaboration of the charge on the effect of recent possession, he should have requested it. This exception likewise is not meritorious.

4. Special ground 3. In this case the defendant and his wife, who were jointly indicted for burglary, resided alone in the home where the goods recently stolen were found. "The defendant contends that the failure to qualify the charge on circumstantial evidence and to ignore in the entire charge the fact that the goods alleged to have been stolen were found in a house occupied jointly with him and another person [his wife] was harmful error and one that requires a new trial." "In this State the husband is recognized by law as the head of his family, and where he and his wife reside together, the legal presumption is that the house and all the household effects, . . belong to the husband as the head of the family. This presumption of course is rebuttable." *Isom* v. *State,* supra. The following cases hold to the same effect. *Young* v. *State, 22 Ga. App.* 111 (95 S. E. 478); *Hendricks* v. *State, 24 Ga. App.* 56 (100 S. E. 55); *George* v. *State, 37 Ga. App.* 513 (140 S. E. 903). This rule is applicable in the instant case and if the defendant desired a more specific instruction with respect to this particular matter, a timely written request should have been submitted. *Western & Atlantic R. Co.* v. *Tate, 129 Ga.* 526, 531 (59 S. E. 266); *Hood* v. *State, 67 Ga. App.* 291 (19 S. E. 2d, 927); *Kimbrell* v. *State, 57 Ga. App.* 296 (195 S. E. 459). The defendant requests that this court review and overrule the *Isom,* the *Young,* the *Hendricks,* and the *George* cases. Upon consideration of these cases the request is denied.

*Broome* v. *Davis, 87 Ga.* 584 (13 S. E. 749), states a ruling of the same nature as the cases decided by this court listed last above,

and the defendant in his brief, as provided in the Code, § 24-3645, requests this Court to question or review this decision of the Supreme Court and certify such question to that Court for the purpose of having the same modified or overruled. Upon consideration of this question this request is denied.

The judge did not err in overruling the motion for a new trial. *Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*