## 31376. WEST v. THE STATE.

DECIDED SEPTEMBER 12, 1946.

*M. A. Walker, G. Y. Harrell,* for plaintiff in error.

*E. L. Forrester, Solicitor-General,* contra.

BROYLES, C. J. The defendant, her husband, and two other

men were jointly indicted for unlawfully selling beer in Webster County, Georgia, on March 23, 1946, "without first having obtained a permit to do so from the governing authority of said county." The ʼdefendant, Mrs. W. B. West, was tried separately and was convicted of the offense charged. Her motion for a new trial, containing the general grounds and two special grounds, was overruled, and to that judgment she excepted.

The evidence showed that the defendant and her husband lived together in a house in a rural district in Webster County, the house being their residence and also a storehouse which they operated, the house being the property of her husband. The uncontradicted evidence further showed that in March, 1946, and before the indictment was returned, the defendant had sold many bottles of beer to various persons, white and colored, and received the money therefor; and that, when the house was raided by the sheriff and other officers of the county, many cases of beer were found in the storehouse and confiscated by the officers. The uncontradicted evidence also disclosed that neither the defendant nor her husband, nor anybody else, had ever obtained a permit, from the governing authority of the county, to sell beer at that house. The evidence further disclosed that the defendant, after her arrest, made a free and voluntary confession to officers of the county, including the solicitor-general of the circuit, in which she stated that she had sold beer at the storehouse in question, and that neither she nor her husband had a permit from the county to do so. And, in her statement to the jury, she did not deny having made that confession, and did not deny that she had sold beer without having a permit to sell it.

Her only defense, upon her trial and before this court, was and is that she was not guilty of selling the beer, because in this State the husband is recognized by law as the head of his family, and where he and his wife reside together, the legal presumption is that the house, and household effects (including beer) found in the house, belong to the husband and not to the wife; but that presumption is rebuttable. However, under the undisputed evidence in this case, that defense is without merit, since it is applicable only to those cases where the defendants are charged with unlawfully possessing liquor. Here the wife was charged with "selling" beer —which was a misdemeanor. And all persons who knowingly aid

or assist another in the commission of a misdemeanor are guilty as principals; and the ownership of the beer in this case was immaterial.

The evidence, including the confession of the defendant, demanded a finding that she willingly, voluntarily, and knowingly aided her husband on many occasions in unlawfully selling beer in Webster County, and that she was guilty of that offense. See *Young* v. *State*, 22 *Ga. App.* 111 (2) (95 S. E. 478). It follows that the general grounds of the motion for a new trial were properly overruled.

Special ground 1 contends that the court erred in failing to charge the jury as follows: "In this State the husband is recognized by law as the head of his family, and where he and his wife reside together the legal presumption is that the house and household effects, including beer if found in the house, belong to the husband as the head of his family." The ground alleges that the court failed to instruct the jury on this principle of law and did not cover the same in his given charge, and that the instruction not given was demanded by the evidence. Under our above-stated rulings on the general grounds, this ground is without merit. *Young* v. *State*, supra.

Special ground 2 assigns as error an excerpt from the charge of the court, but fails to allege or to point out *wherein the excerpt was erroneous*. Therefore the ground presents no question for the consideration of this court. *Dumas* v. *Stafford*, 22 *Ga. App.* 365 (3) (95 S. E. 1009), and citations.

The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*