STATE v. HOUSTON.

1. Where the defendant, indicted for receiving stolen goods, claims to have taken them from the thief in payment for services rendered, the value of the goods as compared with these services bears upon the issue of guilty knowledge. In such case, therefore, the judge erred in charging the jury that the goods were evidently of more value than the services rendered; and this error in expressing his opinion on the facts was not cured by saying to the jury that the facts were entirely with them.

2. If a wife receives stolen goods knowing them to be stolen, jointly with her husband and under his coercion, her greater activity in consum-

mating the offence will not, as matter of law, make her guilty. The question would depend on the cause of her greater activity and not upon the fact of its existence. If the husband's influence be that cause, she is not guilty.

Before NORTON, J., Fairfield, June, 1887.

Sallie Houston and her husband being on trial for receiving stolen goods knowing them to be stolen, the judge charged the jury as follows :

This is an indictment for receiving stolen goods knowing them to have been stolen. All of the elements of the crime are admitted by the defendants, except the fact that they knew the goods were stolen. The defendants attempt to account for these goods by saying that the female defendant received them in payment of her wages, and that she was ignorant, and that she didn't know that the value of the goods amounted to more than the wages for the services which she performed. That is a question of fact for you. The State produces quite a number of articles, and their value is evidently much larger than the value of the services performed by the defendant. The State also urges upon you the relationship between the parties and other matters for your consideration to show that there must have been a guilty knowledge at least on the part of this defendant, Sallie Houston. It is such a simple question, and the evidence on that point is so short, that I do not propose to recite it. It is for you to judge of the weight of the evidence, and for you alone.

I am requested to charge you that the wife couldn't be guilty because of a supposed coercion on the part of her husband. The precise words that I am requested to charge you are these : "Now, if you believe that the goods were received by the wife in the presence of the husband, or by the husband and wife jointly, the law presumes the wife to have acted under the coercion of the husband, and if such presumption is not rebutted by the evidence for the State, you must acquit." The husband must have known that the goods were stolen, to relieve the wife on the ground of coercion; without such knowledge he cannot concur. If you conclude that the goods were received in the presence of the husband, he knowing them to be stolen, the presumption of coercion

arises. But this is only a presumption of law, 'so that if, upon the evidence, it clearly appear that the wife was drawn into the offence by her husband, but was the more active of the two, she is guilty as well as her husband, and it is possible to convict them both, and convict them properly.

I think, however, in a case of this kind, if you come to the conclusion that there was a coercion by the husband, ordinarily you would have to acquit the wife. If you come to the conclusion that there was no coercion by the husband, that he did not know that the goods were stolen, ordinarily the husband would be acquitted, and the wife alone found guilty. But it is competent for you to find them both guilty, if you come to the conclusion that the reception was during his absence, but afterwards came to his notice and knowledge that they were received, and he didn't disavow the act. The law doesn't mean actual presence, necessarily; but if the wife is so situated as to be under the general supervision of the husband, the jury must acquit the wife,

I take occasion, while charging you, to define what presence is meant by the law. For instance, if the husband was entirely away from the wife, say several miles, then his command couldn't pass as coercion upon his wife; but if he should happen to be in an adjoining room, from which he could hear all that was passing between his wife and another person in the room from which he went, and his wife knew he was in the adjoining room, then it would be such a presence as would amount to the presence meant by the presence in law. I charge you, gentlemen, that the propositions of law of the defendants' counsel are good law with the qualifications I have given you.

If the wife brought the goods to the house of the husband, and he did not disavow her act, then the law presumes her to have acted under the coercion of her husband. The husband must have known, not only that the goods were brought to the house, but he must have known that they were stolen ; and I charge you the law in those terms.

The defendant, Sallie Houston, being convicted and sentenced, she appealed on the following grounds :

1. Because his honor erred in charging the jury that the value

of the goods produced by the State was evidently much larger than the value of the services performed by the defendant—this being a question exclusively for the jury.

2. Because his honor erred in charging the jury that if upon the evidence it clearly appear that the wife was drawn into the offence by her husband, but was the more active of the two, she is guilty as well as her husband, and it is possible to convict them both.

*Messrs. Ragsdale & Ragsdale*, for appellant.

*Mr. H. N. Obear*, contra.

July 2, 1888. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The defendant was indicted jointly with her husband for receiving stolen goods, knowing them to have been stolen. Her husband was acquitted, but she was convicted. Her defence was that she had received the goods from one Clara Yongue in payment of certain services rendered the said Clara by the said defendant. A quantity of the goods, of the stealing of which Clara had been convicted, were produced in court and identified.

The defendant complains in her appeal that his honor erred in charging that the value of these goods was evidently much larger than the services performed by the defendant. And, also, that he erred in charging that if, upon the testimony, it clearly appeared that the wife was drawn into the offence by her husband, but was the more active of the two, she is guilty as well as her husband, and it is possible to convict them both.

There seems to have been no doubt that the goods in question had been stolen, and that they had been received by the defendants, and a vital point in the case was, did defendants know that they had been stolen ? The defendants attempted to account for the receiving, on the ground that they were taken in payment of services rendered by defendant, Sallie, to Clara, the thief; thus the value of the goods as compared to the services rendered, bore more or less upon the question of guilty knowledge, because if the value of the goods was much larger than the value of the ser-

vices, that fact was well calculated to excite inquiries and arouse suspicion. We do not know whether any testimony was introduced on that question, except that it is stated in the charge that the defendant said that she did not know that the goods amounted to more than her services; which was an important fact in her favor. His honor met this by saying in his charge, "That the State has produced quite a number of articles, and their value is evidently much larger than the value of the services performed by the defendant." True, he had just said that, whether the defendant knew the comparative value of the two, was a question of fact for them, the jury; yet this being followed by the remarks above, gave, as it seems to us, a very plain intimation to the jury of his honor's opinion as to the guilty knowledge involved, and therefore in conflict with the constitutional provision inhibiting judges from charging upon the facts.

2nd. We think his honor went too far in that portion of his charge excepted to in the second exception above. The general rule upon this subject is, that when the wife acts under actual constraint imposed by the husband, she will be relieved from legal guilt, if the act is committed in his presence, with the exception possibly in some cases of the higher crimes. 2nd. Where she acts in the presence of her husband, she is presumed to have acted *prima facie* through his coercion, but still this is only *prima facie*, and may be rebutted by testimony. *Bish. Cr. Law* (7th edit.), sec. 385, *et seq.* Hence the question of her guilt is in most cases a question of fact for the jury, under the principles of law above suggested.

In our case of *State* v. *Parkerson* (1 Strob., 170), Judge Withers, in delivering the opinion of the court, said: "It is a mistake to affirm that a wife may not be indicted, convicted, and punished in conjunction with her husband. While it is true, that if she committed a bare theft, or even a burglary, by the coercion of her husband, she shall not suffer punishment, and while it is also laid down that coercion is to be presumed from his presence, still it is quite clear that this only is one of those presumptions or inferences classed as *prima facie*, that may be rebutted by testimony, and hence presents a ·question for the jury." From this it appears that in this State the question of

coercion is an open one, but when coercion is once established, it should shield the wife—at least until it appears that she has been relieved from its influence.   And we do not think that after being coerced into giving assistance to her husband, that simply because she may be the most active in consummating the offence, that this should, as matter of law, make her guilty.   On the contrary, the question should still depend on the cause of her increased activity, and not upon the fact of such activity.   The presence and constraint of her husband may still be the cause, and not her own wickedness.   The judge held, as matter of law, the fact of her being the most active, evidenced guilt.   This we think was error.

It is the judgment of this court, that the judgment of the Circuit Court be reversed.