STATE v. COUNCIL.

LARCENY—FOWLS—FORMER JEOPARDY—INDICTMENT.—Trial and acquittal for stealing the fowls of A. cannot be set up as former jeopardy for stealing the fowls of A.'s wife. *State* v. *Copeland,* 46 S. C., 13, *distinguished from this.*

Before BENET, J., Sumter, June, 1899. Affirmed.

Indictment for larceny against Robert Council. From order overruling plea of former jeopardy, defendant appeals.

*Mr. L. D. Jennings,* for appellant, cites: 47 S. C., 166; 9 Yerg., 333.

*Solicitor John S. Wilson, contra.*

Aug. 2, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. The defendant was tried under an indictment containing two counts—one for burglary and the other for petit larceny. In the second count, he was charged with stealing six fowls, valued at $1.50, the property of *William T. Edens.* At the trial it was proved that the six fowls were the property of *Mrs. Annie J. Edens.* Under the direction of his Honor, Judge Benet, the jury rendered a verdict of not guilty. At another term of Court, an indictment was preferred charging the defendant with having been guilty of larceny in stealing six fowls, valued at $1.50, the property of *Mrs. Annie J. Edens.* The defendant interposed in his defense a formal plea of former acquittal of this charge, which was not allowed by the Circuit Judge. On his trial, he was found guilty and sentenced. He now appeals to this Court.

The sole question raised is that it was the same crime of which he had been acquitted, that he was again put on trial for committing; and that such being the case, he was constitutionally free from such second trial. Of course, if it was the same offense on both trials, it was reversible error. But was it the same crime? In the case of *The State* v. *Copeland,* 46 S. C., 13, this Court held that as the crime of arson was against possession rather than ownership of property, that property which was the subject of the charge of statutory arson, might have been alleged in the indictment in the name of the owner himself, or of the legal possessor of the property, on indictment alleged the property destroyed as that of the man in possession. The defendant was acquitted because the name of the owner did not appear in the indictment. Afterwards a new indictment was framed, charging the crime as against the owner, to which a plea of

24—58

former acquittal was interposed.    This Court sustained such plea.    But in the case at bar, the true owner's name must appear in the indictment to sustain an indictment for larceny.    When the name of another than the true owner is used, the prosecution must fail, as this case did in the first instance, because in law the defendant did not take, steal and carry away William T. Edens' property.    A verdict of not guilty was obliged to be rendered, when it appeared in evidence that the property stolen was not of the goods and chattels of William T. Edens.    However, when it appeared in the indictment that the defendant was indicted for stealing *Mrs. Annie Edens'* property, then a new offense was presented.    The Circuit Judge committed no error in overruling the plea of former acquittal.    The conviction must stand.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.