6594

## STATE v. HAMILTON.

1. .LARCENY—INDICTMENT.—Proof of separate ownership in each of those alleged to be joint owners of several articles will not sustain an indictment charging joint ownership of articles stolen.
2. IBID.—Possession of stolen property and sale of it at much less than its value is some evidence from which guilt of its larceny may be inferred.

Before ————, J., Pickens, February, 1907. Reversed.

Indictment against Samuel Hamilton for burglary. From sentence, defendant appeals.

*Messrs. Blythe & Blythe,* for appellant, cite: *Proof of separate ownership will not support allegation of joint ownership:* 4 McC., 16; 2 Hill L., 5; 3 S. C., 230; 12 S. C., 180; 58 S. C., 368.

*Solicitor Julius E. Boggs,* contra. Oral argument.

July 16, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant was convicted under an indictment charging him with larceny of "thirty-five dollars, good and lawful money of the United States, a further description to the jurors unknown, one gold watch and necklace, all of the value of $100, of the proper goods and chattels of W. R. Wyatt and his wife, Addie Wyatt, then and there being found in his dwelling house."

This was manifestly an allegation of joint ownership in husband and wife. The only evidence of ownership was that of W. R. Wyatt, who testified the money was his property and the gold watch, chain and necklace the property of his wife.

Proof of separate ownership in each of those alleged to be joint owners of several articles will not sustain an indictment charging joint ownership. *State* v. *Ryan,* 4 McC., 16; *State* v. *Dwyre,* 2 Hill, 287. Conversely, when the indictment alleged ownership in A., and proof is of ownership in A. and others, the defendant was held entitled to an acquittal. *State* v. *London,* 3 S. C., 230. No doubt, under Section 58 of the Criminal Code, the Court could have allowed the indictment to be amended to conform to the proof, as the amendment would not have changed the nature of the offense charged. But no such amendment was asked for, and the cause cannot be considered as if the indictment had been amended.

In *State* v. *Council,* 58 S. C., 369, 36 S. E., 663, it was held an acquittal of stealing the fowls of A. could not be set up as a former jeopardy against an indictment charging the defendant with stealing the fowls of A's wife. Considering that case in connection with those above cited, it is clear that if the defendant had been acquitted under this indictment charging theft of the money, watch, chain and necklace, the joint property of Wyatt and his wife, the acquittal would not avail him at trials under separate indictments charging the larceny of the money, the property of W. R. Wyatt, and the watch, chain and necklace, the property of Addie Wyatt. His illegal conviction under the indictment

now under consideration would be equally unavailing to support a plea of former jeopardy against such separate indictments. He has never been in jeopardy under the charge of stealing the separate property of either W. R. Wyatt or Addie Wyatt.

There is nothing in the exception that the verdict should be set aside for a complete failure of the evidence that the defendant committed the crime. The witness, Austin, testified that he purchased the watch from defendant at a grossly inadequate price, and there was evidence from other witnesses tending to corroborate him. The possession of stolen property, coupled with a sale of it at much less than its value, is certainly some evidence from which guilt may be inferred. The credibility of this testimony was for the consideration of the jury.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the case remanded for a new trial.