## 9765

### THOMPSON v. CHAPMAN.

(93 S. E. 142.)

1. APPEAL AND ERROR—REVIEW—EVIDENCE.—A judgment in a law case, if supported by any evidence, must be affirmed.

2. PROPERTY — PRESUMPTIONS — OWNERSHIP. — One in possession of personal property is presumably its owner.

3. MONEY RECEIVED—SUFFICIENCY OF EVIDENCE.—Evidence that deceased employer was wealthy and kept money in a safe to which his housekeeper had access does not sustain a finding that money found in the housekeeper's effects after her death belonged to her employer, where she had independent sources of income, since her possession of the money raised a presumption of ownership.

Before MAULDIN, J., Spartanburg, March, 1917. Reversed.

Action by L. S. Thompson, as executor of A. L. Thompson, deceased, against H. E. Chapman, administrator of

Albertha Lawrence, deceased. Judgment for plaintiff, and defendant appeals.

*Messrs. Lyles & Daniel,* for appellant, cite: *As to issue for jury:* 106 S. C. 123, 128; 99 S. C. 417, 421. *Presumption of ownership:* 16 Cyc. 1074. *Inferences:* 149 S. W. 21; 141 N. W. 231; 50 So. 30; 133 N. W. 142; 181 Fed. 91; 85 N. E. 832; 97 Am. Dec. 59; 74 C. C. A. 553; 103 Ill. App. 394; 124 N. Y. S. 581; 57 S. E. 1076; 80 Atl. 851·; 136 S. W. 990·; 42 Mo. 924; 48 Hun. 620. *Refusal of examination:* 69 S. W. 937; 63 Atl. 705. *Degree of proof:* 16 S. C. 435; 37 S. C. 468.

*Messrs I. A. Phifer, I. C. Blackwood* and *John Gary Evans,* for respondent, cite: *As to sufficiency of evidence:* 89 S. C. 557 and 314; 81 S. C. 459; 86 S. C. 306 and 154; 95 S. C. 136 and 239; 92 S. C. 125; 90 S. C. 186; 93 S. C. 357.

July 11, 1917.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action by the plaintiff, as executor of A. L. Thompson, deceased, against the defendant, as administrator of Albertha Lawrence, deceased, for $1,300 as "money had and received," claiming that the money was the property of his testator, and appropriated by Miss Lawrence to her own use. This was an action at law, but the matter was referred to the master and a jury trial waived. At the close of the plaintiff's testimony, the defendant moved for a nonsuit, which the master overruled, but at the close of the whole testimony, the master found for the defendant. The plaintiff appealed to the Circuit Court, and the finding of the master was reversed, and judgment given for the

plaintiff for $1,200. From this judgment the defendant appealed to this Court.

There are seven exceptions, but the first is the only one that legitimately arises. If there was any evidence, the judgment must be affirmed, as this Court is confined in a law case to the question of no evidence, which is a question of law.

The testimony shows that Mr. Thompson was a man of means, and had money in bank, and also kept money in an iron safe in his house, and that Miss Lawrence alone knew the combination to the safe. The appraisers did not get any money from Mr. Thompson's house after his death, but after the death of Miss Lawrence $1,200 in money was found in a "chest" in the house and turned over to the administrator of Miss Lawrence. Mr. Thompson died in May, 1915, and Miss Lawrence died in January, 1916. Miss Lawrence was housekeeper for Mr. Thompson. The Thompson will gave Miss Lawrence a life estate in the home place and 70 acres of land adjoining. It also gave her—

"All my personal property, consisting of farm implements, wagons, buggies, etc., and the mule named Beck, and all household and kitchen furniture, also the growing crop, if there be any at the time of my death, also, all produce, including cotton, corn and feedstuff that may be in my possession at the time of my death."

Mr. Thompson kept money at his house, and made loans from time to time. The record also shows that at least on one occasion Mr. Thompson did not have money in the house, and that Miss Lawrence did have money (to wit, $700) in the house, and loaned it to Mr. Thompson to enable him to make a loan. The finding of the Circuit Judge is based largely on the finding that Mr. Thompson was well to do, and Miss Lawrence, who was his housekeeper, was poor and could not, therefore, be the owner of the $1,200 found in the house.

There is a fundamental principle that has been over-looked in this case, to wit: One found in possession of property is presumed to be the owner and can retain possession against all the world, except the true owner. It is necessary, therefore, for the plaintiff to show that Mr. Thompson owned the money. The plaintiff attempts to show this by proving that Mr. Thompson was rich and Miss Lawrence was poor. Even if it could be inferred from the poverty of Miss Lawrence that she could not have owned the money, that does not prove that the money belonged to Mr. Thompson. The facts set out in the record do not show that Miss Lawrence could not have owned the money. She had a life estate in a tract of 90 or 100 acres of land. It is said that there was no proof that Miss Lawrence collected rent from this land. Neither Miss Lawrence nor her administrator is required to show that she collected the rent. The plaintiff must show that she did not collect the rent. Besides this, Miss Lawrence was given by the will of Mr. Thompson his crops for the year 1915, and some personal property. The plaintiff, having the burden of showing that Miss Lawrence could not have had the money, should have shown that this property could not have or did not account for the money. Miss Lawrence in Mr Thompson's lifetime had her private patch of cotton and the proceeds of the sale of chickens, etc., from the farm. This source of income must be explained also. There was evidence also that Mr. Thompson said he had given Miss Lawrence $1,200. Her bank account does not show a deposit of $1,200 until after her death. The plaintiff failed to show that Mr. Thompson always kept money in his house, but it appears affirmatively that on one occasion Mr. Thompson did not have money in the house, and that Miss Lawrence did have it; $700 of it. It is said that it was the habit of Miss Lawrence to keep her money in bank. The case shows, and it is not disputed, that she did not always do so, as we have just seen. It is further con-

tended that the fact that Miss Lawrence drew $250 from the bank after Mr. Thompson's death shows that she did not have the money in the house. If that be true, then the money was not the property of Mr. Thompson. It is claimed that she had the money all the time and refused to allow the appraisers to look in the safe, for the reason that an inspection of the safe would have revealed the money. The dilemma of the plaintiff is that Miss Lawrence had the $1,200 and yet drew $250 from bank because she did not have it.

There is no evidence that Mr. Thompson did own the money. There is no evidence that Miss Lawrence could not or did not own it. The presumption of ownership from possession prevails, and the judgment is reversed.