## 10556

### STATE v. FRANKLIN *ET AL.*

#### (105 S. E. 740.)

LARCENY—INDICTMENT NOT REQUIRED TO NAME INDIVIDUAL MEMBERS OF PARTNERSHIP.—Under Cr. Code 1902, sec. 56, requiring indictment to charge crime so plainly that the nature of the offense charged might be easily understood, indictment charging grand larceny of goods from named partnership was sufficient without specifying the names of the individual members of the partnership.

Before RICE, J., Aiken, May term, 1920. Affirmed.

Mary Franklin and Ruby Collins indicted for grand larceny, and, upon conviction, appeal.

*Mr. Wm. M. Smoak,* for appellant, cites: *Indictment for grand larceny alleging ownership of stolen goods in a partnership without setting out names of partners is bad*: 4 McCord 17; 3 S. C. 230; 77 S. C. 384; 17 R. C. L. 67; Wharton Crim. Proc., vol. II (Ed. 1918), sec. 862; 2 Hill 287. In 20 S. C. 392, *indictment stated names of partners. In* 114 S. C. 145, *question of ownership was waived.*

*Mr. Robt. L. Gunter, Solicitor,* for respondent, cites: *Sufficiency of indictment:* Sec. 83, Crim. Code 1912. *Motion to quash an indictment is in discretion of the Court:* 20 S. C. 403. *And indictment here was sufficient Ibid.* 410 *Sufficient allegation "in person unknown."* 35 S. C. L. (4 Strob.) 300. *Sufficient if ownership proven:* 114 S. C. 145.

January 31, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following are the facts upon which it was agreed that this case should be heard:

"This was an indictment for grand larceny as shown by a copy of the indictment set forth herein. The goods alleged to have been stolen by the defendants were set forth in the indictment to be the goods and chattels of R. W. McCreary Company, a partnership, doing business in the city and county of Aiken, and that the said indictment did not name the individual members of the said partnership.

"Before the jury were impaneled, the defendants' attorney moved to quash the indictment on the ground that the said indictment did not allege the names of the individual members composing the partnership of R. W. McCreary Company, and in failing to do so the said indictment was fatally defective.

"The Court held that the indictment was sufficient and the trial proceeded and terminated in a conviction of the defendants, who were duly sentenced. * * *

"Query: In an indictment charging larceny of the goods and chattels belonging to R. W. McCreary Company, a partnership, doing business in the city and county of Aiken, is it necessary to further set out the names of the individual partners composing the said partnership before a conviction thereon can be had?"

The appellants' attorney relies upon the case of *State v. Ryan*, 4 McCord 16, 17 Am. Dec. 702; *State v. Dwyer*, 2 Hill 287; *State v. London*, 3 S. C. 230, and *State v. Hamilton*, 77 S. C. 383, 57 S. E. 1098. They are not applicable, however, to the present case, as they involve questions arising out of variances between the allegations of the indictment and the testimony; whereas, the only question in the present case is whether there was error on the part of his Honor, the presiding Judge, in refusing the motion to quash the indictment on the ground that it was defective.

Section 56 of the Criminal Code of 1902 provides:

"Every indictment shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as now required by law, charges the crime substantially in the language of the common law or of the statute prohibiting the same, or so plainly that the nature of the offense charged may be easily understood. * * * "

As the indictment charged that the stolen goods belonged to R. W. McCreary Company, a partnership doing business in the city of Aiken, and as the proof corresponded with the charge in the indictment, it cannot be successfully contended that the offense was not so plainly alleged that its nature might be easily understood.

Appeal dismissed.

Mr. Justice Gage did not participate.