## 11802

### STATE v. FRIERSON *ET AL.*

#### (128 S. E., 709)

1. INTOXICATING LIQUORS—EVIDENCE THAT LIQUOR SEIZED NEAR DEFENDANT'S STORE HELD INCOMPETENT.—In prosecution for transporting and storing alcoholic lijuor, evidence that whiskey had been seized by officers near back door of defendant's store was incompetent, and did not connect defendant with crime for which he was being tried.

2. CRIMINAL LAW—EVIDENCE AS TO HOW MANY TIMES DEFENDANT HAD SOLD LIQUOR TO CERTAIN PERSON WAS INCOMPETENT.—In prosecution for transporting and storing liquor, evidence as to how many times defendant had sold liquor to certain person was incompetent.

3. CRIMINAL LAW—EVIDENCE OF PLACE FROM WHICH DEFENDANT OBTAINED LIQUOR CLAIMED TO HAVE BEEN SOLD BY HIM WAS INCOMPETENT.—In prosecution for transporting and storing liquors, evidence that defendant took money for whiskey, and then went out into the woods and got liquor, was incompetent.

4. CRIMINAL LAW—EVIDENCE THAT CERTAIN PERSON COULD GET LIQUOR FROM DEFENDANT ANY TIME HE WANTED IT HELD ADMISSIBLE.—In prosecution for transporting and storing liquor, evidence that certain person could get liquor at defendant's store any time he wanted it was inadmissible.

5. CRIMINAL LAW—EVIDENCE OF DEFENDANT'S FATHER'S ARREST HELD INADMISSIBLE, IN PROSECUTION FOR TRANSPORTING AND STORING LIQUORS.—In prosecution for transporting and storing liquor, evidence of arrest of defendant's father, who had been arrested several months before with whiskey in his possession near defendant's store, was inadmissible, since such evidence did not show common scheme, embracing commission of two or more crimes so related that proof of one tended to establish the other, nor did it tend to identify accused with crime charged.

Before OCTAVUS COHEN, SPECIAL JUDGE, Clarendon, September, 1924. Reversed and a new trial ordered.

George W. Frierson and another were convicted of storing alcoholic liquor and they appeal.

The exceptions mentioned in the opinion are as follows:

(2) That his Honor erred in permitting the Solicitor to ask the defendant, George Frierson, over objection of de-

fense, the following question: "Now, Mr. Frierson, within the last six months, or thereabouts, hasn't whisky been seized by the officers within three or four feet of the back door of the store operated and controlled by you and your brother?"—the error being that, unless the whisky was there with the knowledge and consent of the defendant, and on their premises, such seizure could have no bearing on the trial issue, and such testimony would not be competent, nor would it tend to connect the defendants with the crime for which they were being tried, and was prejudicial.

(3) That his Honor erred in permitting the Solicitor to ask the question, over objection of defense: "You know Mr. Marion Williams. How many times have you sold whisky?"—in that the defendants were being tried for a specific act, upon which that question had no competent bearing, and was only intended to prejudicially impress the jury that the defendants were habitual violators of the prohibition law.

(4) That his Honor erred in permitting the question over objection of defense: "Haven't you sold him [Marion Williams] within the last six months liquor? You would take the money from him in the store, and you would go out in those woods and get the liquor, and deliver it to him?" —in that such questions had no competent bearing on the trial issue, and could serve only to prejudice the jury against the defendants.

(5) That his Honor erred in permitting the question over objection of defense: "Don't you know he [Marion Williams] goes there and gets liquor any time he wants it?" —in that such questions have no bearing on the trial issue, and could serve only to prejudice the jury against the defendants.

(6) That his Honor erred in refusing defendants' motion for a new trial, said motion being based upon the wrongful admission of testimony as to the arrest of a third party who had whisky in his possession near the store of

the defendants, in that such testimony was clearly prejudicial and did not tend to show (a) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tended to establish the other; (b) or the identity of the person charged with the crime then being tried.

*Messrs. I. Ingram Wilson* and *Mendel L. Smith,* for appellants, cite: *Repeating ground of objection to similar questions:* 127 S. E., 213. *Questions irrelevant and prejudicial:* 98 S. C., 117; 120 S. C., 207; 123 S. E., 26. *Proof of time as charged:* 120 S. E., 487; 59 S. C., 271; 126 S. E., 757.

*Mr. Frank A. McLeod, Solicitor,* for the State.

July 10, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The appellants are brothers, and conduct a small store on the western edge of the town of Manning. On the 22d of September, 1924, their store was searched by the Sheriff of Clarendon County. Four coca-cola bottles containing whisky were found under one corner of the building, and a two-quart jar about 50 feet in rear of the store in a patch of woods. They were committed to jail and were tried the following day for transporting and storing alcoholic liquor, before Special Judge Cohen and a jury, which resulted in their being convicted of storing alcoholic liquor. The defendants then made a motion for a new trial, and assigned as the ground therefor the admission of certain testimony as to the defendants' father having been caught with liquor at or near their store some months before. The motion was refused, and the defendants sentenced to 12 months each, and, upon payment of $500 each, eight months of the sentence would be suspended. From the order refusing a new trial, and the sentence, the defendants served due notice

of their intention to appear to the Supreme Court of South Carolina.

The exceptions 2, 3, 4, 5 and 6 must be sustained, 1-5 under the cases of *State v. Knox,* 98 S. C., 117; 82 S. E., 278. *State v. Marlowe,* 120 S. C., 207; 112 S. E., 921, and *State v. Ashley,* 128 S. C., 411; 123 S. E., 260. As there must be a new trial, the other exception, and additional exceptions allowed at the hearing, need not be considered.

Reversed, and a new trial.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN concur.

MR. JUSTICE MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY dissent.