### STATE v. McMILLAN *ET AL.*

#### (142 S. E., 236)

1. HUSBAND AND WIFE—THERE IS REBUTTABLE PRESUMPTION THAT WIFE ALLOWING UNLAWFUL DRINKING IN PRESENCE OF HUSBAND WAS COERCED (CR. CODE 1922, § 845).—In prosecution of husband and wife for maintaining nuisance where liquor was drunk, in violation of Cr. Code 1922, § 845, there is presumption that wife by allowing drinking to take place in presence of her husband was coerced; but this is rebuttable presumption.

2. HUSBAND AND WIFE—IN PROSECUTION FOR MAINTAINING NUISANCE, QUESTION WHETHER EVIDENCE REBUTTED PRESUMPTION THAT WIFE ALLOWING UNLAWFUL DRINKING IN HUSBAND'S PRESENCE WAS COERCED HELD FOR JURY (CR. CODE 1922, § 845).—In prosecution of husband and wife for maintaining nuisance where liquor was allowed to be drunk, in violation of Cr. Code 1922, § 845, evidence *held* sufficient to take to jury question whether testimony rebutted presumption that wife allowing drinking to take place in presence of husband was coerced.

3. INTOXICATING LIQUORS—IN PROSECUTION OF HUSBAND AND WIFE FOR MAINTAINING LIQUOR NUISANCE, CHARGE TO ACQUIT WIFE UNLESS SHE WAS KEEPER OR MANAGER JOINTLY HELD PROPERLY REFUSED (CR. CODE 1922, § 845).—In prosecution of husband and wife for maintaining nuisance where liquor was allowed to be drunk, in violation of Cr. Code 1922, § 845, refusal of charge that wife was not guilty unless she was keeper or manager jointly of place alleged to be nuisance *held* proper, since both or either of defendants might have been convicted as keeper or manager.

4. INTOXICATING LIQUORS—IN PROSECUTION OF HUSBAND AND WIFE FOR MAINTAINING LIQUOR NUISANCE, CHARGE THAT LIQUOR FOUND WAS PRESUMED TO BELONG TO HUSBAND HELD INAPPLICABLE (CR. CODE 1922, § 845).—In prosecution of husband and wife for maintaining nuisance where liquor was allowed to be drunk, in violation of Cr. Code 1922, § 845, refusal of charge that intoxicating liquors found on premises were presumed to belong to husband, *held* not error, for though it states sound proposition of law, it was not pertinent to case.

5. HUSBAND AND WIFE—WIFE CANNOT BE CONVICTED WITH HUSBAND OF MAINTAINING LIQUOR NUISANCE UNDER TESTIMONY SHOWING JOINT OFFENSE, UNLESS SHE PARTICIPATED FREELY AND DELIBERATELY (CR. CODE 1922, § 845).—In prosecution of husband and wife for maintaining nuisance where liquor was drunk, in violation of Cr.

Code 1922, § 845, wife cannot be convicted under testimony show-ing joint offense, unless evidence shows that she participated freely and deliberately in the act.

6. CRIMINAL LAW—ADMISSION OF EVIDENCE IS NOT ERROR, WHERE OBJECTIONABLE TESTIMONY IS STRICKEN OR OBJECTION SUSTAINED.— Admission of testimony in prosecution for maintaining liquor nuisance *held* not error, where objectionable testimony was either stricken out on motion or objection was sustained.

7. CRIMINAL LAW—IN PROSECUTION FOR MAINTAINING LIQUOR NUISANCE, JUDGE HELD NOT TO HAVE ERRED IN READING TO JURY FROM ANOTHER CASE PRINCIPLE OF LAW LAID DOWN THEREIN.—In prosecution for maintaining liquor nuisance, Judge *held* not to have erred in reading to jury from another case, where he did not read any of facts of such case, but only principle of law laid down thereon; but it is better for Judges to charge jury in their own language.

Before ANSEL, J., County Court, Greenville, May, 1926. Affirmed as to the named defendant Charlie McMillan. New trial ordered as to the defendant Nellie McMillan.

Charlie McMillan and another were convicted of maintaining a nuisance where liquor was allowed to be drunk, and they appeal.

*Messrs. Martin & Bolt,* for appellants, cite: *Whether or not coercion existed is one of fact, but should only be submitted to the jury when there is a reasonable doubt as to the existence of coercion:* 30 C. J., 792. *"Nuisance":* Sec. 838 Crim. Code. *Legal presumption that all household effects belong to the husband as head of the family:* 122 S. E., 722; 107 S. C., 461. *"Coercion":* 29 S. C., 112; 39 S. C., 557; 133 S. C., 245; 30 C. J., 790. *Impeachment of witnesses:* 113 S. C., 258; 133 S. C., 500. *As to use by trial Judge of facts in decided cases for illustrative purposes:* 137 S. C., 189; 134 S. C., 412; 105 S. C., 55.

*Solicitor Dakyns B. Stover,* for respondent.

March 16, 1928.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The defendants were jointly indicted at Greenville and were tried in the County Court. They were charged with maintaining a nuisance where liquor was allowed to be drunk in violation of Section 845 of the Criminal Code.

Setcion 845 of the Code is as follows:

"All places where persons are permitted to resort for the purpose of drinking alcoholic liquors or beverages are hereby declared nuisances, and the keeper or manager of such places, upon conviction, shall be punished," etc.

The testimony showed that the defendants, husband and wife, lived together in the premises alleged to be a nuisance, and that persons frequently were seen drinking in the house; that intoxicated people were seen around the house and coming from it. The testimony is not clear whether the drinking was done in the presence of both of the defendants or either, or which one, except it seems to have been sometimes in the presence of Charlie McMillan, sometimes in the presence of Nellie McMillan, and sometimes in the presence of both. The defendants denied the drinking, and put a great many witnesses on the stand to prove that they had never seen any drinking going on around the premises.

The jury found the defendants guilty.

At the conclusion of the testimony for the State the defendant Nellie McMillan moved for a directed verdict of not guilty on the ground that the testimony showed that she was acting under the coercion of her husband, which was refused. From this refusal she appeals. The defendants also appeal from refusal of certain requests to charge, and from the admission of certain testimony.

The exceptions raise several questions as set forth in appellants' brief, which will be discussed in such order.

1, 2    1. The first question raised is, Did the Court err in refusing to direct a verdict of not guilty as to Nellie McMillan? This question must be answered in the negative. There was from the testimony a presumption that Nellie by allowing the drinking to take place in the presence

of her husband, was coerced, but this was a rebuttable presumption, and it was a question for the jury to say whether or not the testimony on the whole rebutted this presumption. *State v. Burns,* 133 S. C., 238; 130 S. E., 641.

2. Error is alleged in refusing the following request to charge:

"I charge you that unless you find the defendant Nellie McMillan was keeper or manager jointly of the place where it is alleged that the people were permitted to resort for the purpose of drinking alcoholic liquor or beverages, you will have to find her not guilty."

His Honor properly refused this request. Since both or either of the defendants, that is, whichever was the keeper or manager, might have been convicted, the request could not have been charged in this form.

3. Error is alleged in refusing to charge as follows:

"The husband is the head of the family, and where he and his wife reside together, the legal but rebuttable presumption is that the intoxicating liquors found on the premises occupied by them, husband and wife, is that the liquor belonged to the husband."

This request contains a sound proposition of law. *Isom v. State,* 32 Ga. App., 75; 122 S. E., 722; *Thompson v. Chapman,* 107 S. C., 461; 93 S. E., 142. But since neither of the defendants was charged with having any liquor in their possession, the request is not pertinent to this case. If the defendants had requested his Honor to charge that the husband was presumed to be the manager or keeper of the premises, his Honor would doubtless have charged this. This exception is overruled.

4. Error is alleged in refusing to charge the following:

"If you find that the defendant Nellie McMillan, committed the alleged acts in the presence of her husband, she is presumed to have acted *prima facie* through his coercion."

This request contained a sound proposition of law applicable to the case at bar, and should have been charged. *State v. Houston,* 29 S. C., 112; 6 S. E., 943; *State v. Burns, supra.* This exception must be sustained as to Nellie McMillan.

5. The fifth request to charge requested his Honor to charge that Nellie McMillan could not be convicted under testimony showing a joint offense, unless the evidence show that she participated freely and deliberately in the act. This also should have been charged, for it is sound, under *State v. Burns, supra,* and the rule is so laid down in 30 C. J., 790.

6. Error is alleged in admitting certain testimony. Since the record shows that the objectionable testimony was either stricken out on motion or the objection was sustained, this exception is without merit.

7. Error is alleged in reading to the jury from the case of the *State v. Burns.* It is better for judges to charge the jury in their own language, but the record shows that the Judge did not read to the jury any of the facts of the *Burns case,* but only a principle of law laid down thereon. This exception is overruled.

There should be a new trial as to Nellie McMillan, and the judgment as to Charlie McMillan is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Carter concur.