12971

STATE v. PEDEN

(154 S. E., 658)

*Mr. Hoke B. Black,* for appellant,

September 8, 1930.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON.

This is an appeal from a conviction of the defendant, T. K. Peden, for violation of the Prohibition Law, in that he transported and had in possession certain alcoholic liquors containing in excess of one per cent of alcohol and which used as a beverage, if drunk to excess, would induce intoxication. The indictment is in usual form and is not questioned.

The defendant came to trial on June 6, 1929, in the County Court for Greenville County before County Judge M. F. Ansel and a jury and was found guilty on both counts of the indictment. The County Judge thereafter sentenced the defendant to serve for a period of six months, the character or place of the service not being disclosed by the record.

The testimony in the case shows that on Sunday morning two deputy sheriffs, Suddeth and Craigo, along with B. D. Haas, a printer, and one J. S. Barton, occupation undisclosed, went over to the Town of Piedmont to engage in a search for persons engaged in the unlawful traffic of alcoholic liquors and other violators of the law. Upon arriving in Piedmont, a car was noticed standing on the side of the street, and the officers, in company with the parties along with them, decided that they would "look the car over." As they opened the door of the car, Peden, the defendant, jumped out and ran down the road, according to the testimony of the officers, with two pint bottles in his hand from which he poured some liquid which the officers claimed was whiskey. No whiskey was recovered from Peden and the conviction was based upon the testimony of the alleged smell of the fluid poured from the bottles.

After Peden was arrested, Suddeth, one of the deputy sheriffs, fired his pistol twice close to Peden. Suddeth claimed that this was a prearranged signal to the other officers to show that he had found what he was hunting.

While Peden was under arrest and in the custody of the officers of the law, it seems that Haas, the printer, was trying to get Peden to acknowledge the possession of approximately one gallon of whiskey, and that during the controversy about this matter he slapped Peden in the face.

The first exception alleges error on the part of the trial Judge in refusing to instruct the jury that the jury was the final arbiter as to whether an alleged confession was or was not free or voluntary. This was a sound proposition of law and the defendant was entitled to have it charged. It is the duty of the trial Judge to consider an alleged confession, and if he finds that the same was not made freely and voluntarily, then he must rule the same out as a matter of law. If there is any doubt in the trial Judge's mind as to the character of the confession, the jury must decide ultimately as to the validity of the confession. Peden was under arrest charged with a violation of law. It was his duty to submit to arrest. The officer who had him in charge had already shot his pistol twice close to him. In an attempt to get him to make an admission, Haas, the printer, slapped his face. This certainly was some evidence to go to the jury as to whether the alleged confession was voluntary or free. *State v. Rogers,* 99 S. C., 504, 83 S. E., 971.

The second exception charges error in the trial Judge refusing to allow the attorney for the defendant to comment upon the absence of Craigo, a deputy sheriff, who was alleged to have been present at the time of the arrest of the defendant. Craigo was a witness for the State, and his absence from the trial, unexplained, was a fit subject of comment by the attorney for the defendant. This exception is therefore sustained.

Exceptions 3, 4, 5, and 6 allege error on the part of the trial Judge in permitting the solicitor to cross-examine the defendant, Peden, as to other alleged whiskey transactions. The questions of the solicitor which are alleged to have been in violation of the rule were as follows:

"How many times have you run from the officers?"

"They (officers) were down there to arrest you for running when you had a gallon?"

"You run away from the officers every chance you get—why do you run if you are not guilty?"

"How long have you sold whiskey?"

All of the above questions were intimations on the part of the solicitor that the defendant, Peden, was a notorious violator of the law. By such questions the solicitor could place into evidence the character of the accused where he (the accused) had expressly refused to place the same in evidence. The subject of inquiry was solely as to whether or not Peden at the time had the whiskey in question, and these questions were, therefore, irrelevant to the issue and were prejudicial. *State v. Gilstrap,* 149 S. C., 445, 147 S. E., 600.

The seventh exception alleges error on the part of the trial Judge in failing to properly charge the jury as to the presumption of innocence in favor of the accused. The following colloquy took place between counsel and the Court in connection with this matter:

"Mr. Black: I ask you to charge on the presumption of innocence.

"Court: All are innocent when brought into Court."

This was not a correct statement of the law. All persons charged with crime are presumed to be innocent, not only when brought into Court, but when on trial, and until that presumption of innocence is overthrown by the State by competent evidence proving the defendant guilty beyond a reasonable doubt. It is not sufficient to say that all persons are presumed to be innocent when brought into Court, for

the presumption does not stop there, but it follows the prisoner throughout the trial of the case and until removed by competent evidence as above set forth. This exception is therefore sustained.

Exception 8 alleges error on the part of the trial Judge in charging the jury that it is a violation of law to have in possession whiskey. There are certain instances where the possession of whiskey is not a violation of the criminal statutes of this State. This charge, however, under the circumstances, was not error for the reason that the defendant denied that he had any whiskey at all and it was clearly a question of fact for the jury as to whether or not the defendant had such whiskey. If the defendant desired any more specific charge on the question of lawful possession, or if the issue had been raised, then it would have been proper for the trial Judge to have charged on this issue. Under the issues raised, such charge was not in error, and this exception is therefore overruled.

The judgment of this Court is that the judgment of the County Court for Greenville County be reversed, and the case be remanded for a new trial.

MESSRS. JUSTICES COTHRAN and BLEASE concur.

MESSRS. JUSTICES STABLER and CARTER concur in result.

MR. JUSTICE STABLER (concurring in result) : I concur in the result of this opinion upon the ground that there was some testimony tending to show that the defendant's alleged confession was not voluntary, and that the trial Court committed error in refusing to submit the question to the jury.