13357

STATE v. MINOR

(162 S. E., 781)

*Mr. J. E. Stansfield*, for appellant,

*Mr. B. D. Carter, Solicitor*, for respondent.

February 25, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The appellant was tried, convicted, and sentenced, in the Court of General Sessions of Aiken County, on the charge of violation of the "prohibition laws," in that she unlawfully had in her possession certain intoxicating liquors.

The appeal to this Court originally contained seven exceptions. The first and seventh have not been argued, and, accordingly, were abandoned, and will not be passed upon.

The remaining exceptions, which were argued, relate, as it is stated in the brief of appellant's counsel, to the identical question, and they will be disposed of together. All of these

exceptions refer to the cross-examination of Charlie Minor, husband of the appellant, who was a witness in her behalf. The solicitor, on the cross-examination of the witness, endeavored to bring out from him facts showing that he had been recently engaged in the unlawful handling of spirituous liquors, and at the time was charged with the violation of the laws relating thereto.

In her exceptions, the appellant contends that the questions propounded to her witness were incompetent and improper, since they, and the answers thereto, tended to show the reputation of the appellant as a violator of the laws against the handling of spirituous liquors, and also the reputation of her house as being a place used as a rendezvous for "bootleggers" and a place for the storing of unlawful alcoholic liquors, when the appellant had not sought in her defense to show that the reputation of her and her house in such particulars was good.

In support of the exceptions, the appellant depends mainly upon the cases of *State v. Frierson,* 132 S. C., 362, 128 S. E., 709, 710; *State v. Gilstrap,* 149 S. C., 445, 142 S. E., 600; and *State v. Peden,* 157 S. C., 459, 154 S. E., 658, 660. In those cases, the Court did determine that it was improper for a prosecuting attorney, in his examination of a defendant, to propound such questions as would tend to attack the reputation of the defendant when he had not tendered his good reputation in issue.

We do not think the case here, however, comes within the rule laid down in the cited cases. The solicitor had the right, in his cross-examination of appellant's witness, to ask such questions as would enlighten the jury on the matter of the credibility of the witness. The presiding Judge ruled the questions asked, which are made the bases of the exceptions to this Court, to be competent for that purpose. An examination of the questions and answers—it is not necessary to repeat them—is convincing that the ruling was correct.

The judgment of this Court is that the exceptions be overruled, and the judgment of the Court of General Sessions of Aiken County be, and the same is hereby, affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.

MR. JUSTICE COTHRAN did not participate on account of illness.