13657

STATE v. McMILLAN

(170 S. E., 143)

Mr. Hoke B. Black, for appellant,

Mr. *Robert T. Ashmore, Solicitor,* for respondent.

July 5, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant was convicted in the Greenville County Court on an indictment which charged a violation of the prohibition laws. The specific charge was, "having in possession and transporting intoxicating liquors." From the judgment upon the verdict of guilty, she appeals to this Court upon nine exceptions, which, however, make but three cardinal questions.

1. Was there competent and relevant testimony presented by the State, tending to prove appellant's guilt, to make it the duty of the trial Court to send the case to the jury?

2. Was the question whether appellant acted in the premises under coercion from her husband properly submitted to the jury?

3. Did the trial Judge err in reading to the jury from the case of *State v. McMillan,* 144 S. C., 121, 124, 142 S. E., 236, in which this appellant was convicted of maintaining a nuisance; and were the remarks of the presiding Judge in reference to that case prejudicial error in this case?

It is contended, and may be admitted, that the only evidence against the appellant is that obtained by officers who arrested her without warrant of arrest and search.

It appears that the officers had information which led them to suspect that appellant and her husband would be traveling the Buncombe road about a certain hour. They knew that the husband was a "bootlegger." Both the husband and wife had been convicted of maintaining a nuisance where liquor was sold. They had no warrants. They stopped the car in which appellant, her husband, a woman named Osteem, and a lad were riding. They searched the car and found no liquor. They did not search the persons of the occupants of the car. They did, however, tell the appellant that unless she

gave up the whisky they would take her to the jail and have her searched by a woman. Whereupon she produced from under her clothes three pints of whisky and her woman companion produced from somewhere about her person another pint of whisky.

Counsel for appellant contends that this evidence was unlawfully obtained and was therefore incompetent, and, there being no other evidence against her, the motion for directed verdict should have been granted.

It has been repeatedly held in State and Federal Courts that evidence obtained in the manner here objected to is competent. These people were in possession of contraband liquor, and were transporting it on the highway, in the presence of officers of the law. If satisfied of these facts, the officers had the legal right to arrest them if they procured thereafter the proper warrants.

"All alcoholic liquors in possession of any person for unlawful use *shall be seized without warrant.* * * * *" (Italics added.) Criminal Code 1932, § 1860.

"Any person *detected* in the act of violating any of the provisions of this chapter *shall be liable to arrest without warrant: Provided,* A warrant shall be procured within a reasonable time thereafter." (Italics added.) Criminal Code 1932, § 1866.

The exceptions touching this issue are without merit.

The issues suggested by Questions 2 and 3 and covered by proper exceptions must be sustained.

Reading by the Judge from the case of the *State v. McMillan,* 144 S. C., 121, 142 S. E., 236, 238, was highly prejudicial to the appellant. As was said by Mr. Justice Cothran in that case:

"It is better for Judges to charge the jury in their own language, but the record shows that the Judge did not read to the jury any of the facts of the *Burns case* [133 S. C., 238, 130 S. E., 641], but only a principle of law laid down thereon."

In the present case the record discloses that the trial Judge read extracts from the case of the *State v. McMillan, supra,* which included the facts and which brought to the attention of the jury that one of the appellants in that case, who is the appellant in this case, and her husband had been convicted of keeping a nuisance, and that she had been theretofore convicted on a liquor charge.

"It has been held by this Court that it was not improper for a Circuit Judge to use cases, decided by this Court, for the purpose of illustrating to the jury principles of law applicable to the case on trial, and that a trial Judge is even permitted to read from adjudicated cases the principles of law announced by this Court when such principles are applicable to the case being tried. *Sumter Trust Company v. Holman,* 134 S. C., 412, 132 S. E., 811, and cases there cited. This of course does not mean that a trial Judge should use the facts of our reported cases as an illustration in his charge, *for a prosecution for a crime should be established on its own particular facts, and a slight variance in the facts might mislead the jury. (State v. Tapp,* 105 S. C., 55, 59, 89 S. E., 394)." (Italics added.)

In the case of *State v. Peden,* 157 S. C., 459, 154 S. E., 658, 660, the defendant was asked on cross examination, "How long have you sold whisky?" and questions of similar import, which tended to show other whisky transactions in which he participated. On appeal this Court said in reference thereto: "All of the above questions were intimations on the part of the solicitor that the defendant, Peden, was a notorious violator of the law. By such questions the solicitor could place into evidence the character of the accused where he (the accused) had expressly refused to place the same in evidence. The subject of inquiry was solely as to whether or not Peden, at the time, had the whisky in question, and these questions were, therefore, irrelevant to the issue and were prejudicial." Citing *State v. Gilstrap,* 149 S. C., 445, 147 S. E., 600.

It would be dangerous to the orderly and impartial administration of law to approve the action of the trial Judge in the matters presented by the exceptions in this case relating to this issue.

The judgment is reversed and the case remanded for new trial.

MR. CHIEF JUSTICE BLEASE concurs.

MESSRS. JUSTICES STABLER and CARTER concur in result.