14887

STATE v. SANDLE

(3 S. E. (2d), 200)

*Mr. L. A. Hutson,* for appellant,

*Mr. A. J. Hydrick, Solicitor,* for the State.

May 30, 1939.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

The defendant, Sandle, a resident of Orangeburg County, was convicted of receiving stolen goods and sentenced to imprisonment for a period of six months. His appeal relates entirely to the refusal of the presiding Judge to grant a new trial, the contention being that the Court erred in rejecting the several grounds of the motion. The exceptions, which we will now consider, properly raise the three questions presented for decision.

Sandle was charged with having bought or received a single barrel shot gun, an automatic, knowing at the time it had been stolen. He also owned a double barrel shot gun which he claimed had been left him by a deceased brother. It appears that some one, during the trial of the case, placed on a table near the solicitor's desk a Winchester rifle, a blow torch, soldering iron, a dry battery, a wagon lantern and a number of other articles, all of which counsel for the appellant charged had been taken from the home of the defendant by the officers, but which had no connection with the case. While Sandle was on the stand, the solicitor questioned him with reference to the two shot guns, and he admitted that he had bought the single barrel gun from one Trotti Glover, and had paid him $4.00 for it. The solicitor then

turned to the nearby table and picked up "another gun", apparently the Winchester rifle, and asked the defendant when had he bought that one. Counsel for Sandle objected on the ground "that going into a man's home and taking his property and then bringing him into Court and using that property to cross examine him, when the property is not connected with the case, is wholly inadmissible." The solicitor then stated that the purpose of the examination was to show that the defendant knew the value of the guns, and contended that such evidence would be admissible as a circumstance bearing upon his knowledge that the gun he had received from Glover was stolen, as its value was far greater than the amount the defendant had paid for it. The Court, however, in view of the manner in which the State was trying to do this, sustained the objection, and the matter was not pursued further.

Counsel for the appellant urges that, despite the Court's favorable ruling, the damage had been done, as the acts of the solicitor, in displaying on the table in view of the jury the articles mentioned and in exhibiting the rifle before them and interrogating the defendant thereabout, deprived him of a fair and impartial trial by making it appear that he was a general violator of the law and a desperate criminal; and that the Court erred in refusing a new trial on this ground.

The charge of counsel for the defendant with reference to the articles in question was not denied by the solicitor at the time or in his argument at the bar of this Court. He did state that he did not place them on the table and did not know who put them there. In any event, the conduct of those responsible is to be condemned. The defendant was on trial for having purchased or received, knowing it to have been stolen, a certain single barrel shot gun. The articles on the table, including the Winchester rifle, were his property, but he was not accused of stealing them or having received them as stolen goods, nor were they in any way connected with

the case. The officers, therefore, whatever they may have thought about it, were without authority to take them from his home, to say nothing of their conduct in carrying them into the Court room at the time of the trial and placing them upon a table in view of the jury. We do not think, however, that the effect of what happened was to deny the defendant a fair and impartial trial. To the contrary, we are satisfied that the ruling of the Court, in the circumstances detailed, clearly indicated to the jury, and was so understood by them, that the prosecution had done and was attempting to do something it had no right in law to do, and that they were not to consider it in reaching their verdict. We are of opinion, therefore, that the rights of the defendant were not prejudiced as claimed by his counsel.

The next question, which embodies the second ground of the motion for a new trial, is whether the ruling of the Court removed the impression made on the jury by the acts of the solicitor. As is seen, it is practically the same as the first, and is, therefore, disposed of by what we have said above.

The Circuit Judge is also charged with error in refusing to grant defendant's motion on the ground that the verdict was without evidence to sustain it. It was not disputed that the gun in question was the property of the prosecuting witness, Mr. Danner, and that it was stolen from his automobile by Glover and sold to the defendant. Sandle denied, however, that he knew at the time he purchased it from Glover it had been stolen by him. The question, therefore, would seem to be whether there was any evidence, either positive or circumstantial, which required the submission of that issue to the jury.

Trotti Glover, the man who stole the gun, testified that Sandle knew it was stolen. But he did not say, nor was he asked, how he knew it. There was some evidence, however, as to contradictory statements and evasive conduct of the defendant when first questioned, from

which we think it could be reasonably inferred that he knew at the time he made the purchase that the gun had been stolen. For instance, after he had been arrested and put in jail, he talked with the owner of the gun and with a deputy sheriff, both of whom testified in the case, about the matter. He contended at first, according to their testimony, that the gun had been left him by his deceased brother; but when confronted with certain facts, he admitted that he had purchased it from Trotti Glover and had paid him $4.00 for it. Upon the whole testimony, we think that the issue was properly submitted to the jury. The Court, therefore, committed no error in refusing to grant a new trial on this ground. See *State v. Houston,* 29 S. C., 108, 6 S. E., 943; *State v. Hamilton,* 77 S. C., 383, 57 S. E., 1098; *State v. Daniels,* 80 S. C., 368, 61 S. E., 1073; *State v. Rountree,* 80 S. C., 387, 61 S. E., 1072, 22 L. R. A. (N. S.), 833; *State v. Winter,* 83 S. C., 251, 65 S. E., 243; *State v. Simon,* 126 S. C., 437, 120 S. E., 230.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.